## WOLLENBERG *v.* ROSE.

[68 Pac. 804.]

EQUITABLE CROSS BILL—WAIVER BY ANSWERING.

1. A demurrer to an equitable cross bill in a law action is waived by answering, and it cannot afterward be insisted that the cause should have been tried in the law forum.

REMEDY AT LAW—EQUITY—VENDOR'S LIEN.

2. Where, in an action at law for the price of wheat delivered, defendant files a cross bill in equity, under Section 381 of Hill's Ann. Laws, setting up that the wheat was delivered in part payment on a parol contract for a sale of land to plaintiff, and seeks to foreclose the vendor's interest in the land, the remedy at law is not as efficient for defendant as the bill, and the cross bill is not objectionable because it may suggest a sufficient legal defense.

PLEADING—DEFECT OF PARTIES—WAIVER BY ANSWER.

3. That a bill by an administrator to foreclose the equitable interest in lands sold by his intestate does not make the heirs of the intestate parties is not an objection after answer, the administrator alleging his readiness to furnish a good and sufficient deed.

STRICT FORECLOSURE OF EQUITABLE LIEN.

4. Where a verbal contract for the sale and purchase of land has been carried out to the extent of full delivery of possession, which the vendee retains, the contract will be strictly foreclosed in a court of equity; and it is immaterial that a bond for a deed was never delivered by the vendor as agreed upon, after taking and retaining possession.

STRICT FORECLOSURE—MUTUAL REQUIREMENTS OF DECREE.

5. When, in a suit by the vendor of land to foreclose the vendee's equitable interest, the decree requires that the defendant pay the amount due within 90 days or be foreclosed of his interest, it should require plaintiff to execute a sufficient deed contemporaneously with the payment, or suffer a dismissal of the bill.

From Douglas: JAMES W. HAMILTON, Judge.

The defendant, J. F. Rose, commenced an action at law against the plaintiff to recover $794.30 on account of 1,075 bushels of wheat, alleged to have been sold and delivered to the firm of S. Marks & Co., of which H. Wollenberg is now the duly appointed, qualified, and acting administrator *de bonis non*. The administrator answered, denying the material allegations of the complaint, except those pertaining to his appointment and qualification as such administrator, and the presentment and rejection of the claim for said amount; and for a separate defense thereto alleged that on October 1, 1892,

he and S. Marks and A. Marks, then doing business under the firm name of S. Marks & Co., made and entered into a parol contract, whereby they agreed to sell, and Rose to purchase, a certain tract of land, being the west half of the southwest quarter of section 22, and the north half of the northwest quarter of section 27, township 28 south, range 5 west, containing 160 acres, at the agreed price of $1,500, payable $500 in one year, and the balance within a reasonable time, with interest on deferred payments at 8 per cent per annum from the date of the agreement; that in pursuance thereof Rose entered into the exclusive possession of said tract, and has ever since held, and now holds and occupies, the same, and that the alleged sale of wheat mentioned in the complaint as the basis of the action was made, and the said wheat delivered, in part payment of the purchase price of said land, and that by reason of the facts so alleged he had no adequate defense at law, and thereupon presented his cross bill in equity, praying that he may be allowed to file the same, and that the action be stayed, pending the determination of the suit.    Plaintiff's cross bill sets up the verbal agreement concerning the land as contained in his answer to the action at law, and, further, that Rose, the defendant herein, entered into possession of said real property in pursuance of the agreement, and has ever since been and remains in possession, receiving the rents and profits therefrom, and has and now exercises the exclusive right of ownership; that defendant has paid upon the purchase price of said realty, May 9, 1893, $485.10; November 11, 1897, $33.12; April 10, 1899, $251.26 and $23.52; leaving due and payable thereon $1,345.75, with interest from March 6, 1900; that plaintiff is ready, willing, and able to make to defendant a good and sufficient deed to said premises upon payment of the balance of the purchase money; that more than eight years have elapsed since said agreement was entered into, and the balance of said purchase price has been long since due; wherefore plaintiff prays that his lien be foreclosed, etc.    A demurrer was interposed to the cross complaint for reasons (1) that the facts set forth therein constitute a legal defense to the

action at law, and (2) they are not sufficient to sustain a suit in equity. This being overruled, the defendant filed an answer, consisting of specific denials, except it is admitted that S. Marks & Co., and their heirs and assigns, or legal representatives, hold the legal title to said premises. The decree was for Wollenberg, as administrator, and the defendant appeals.                                                  MODIFIED.

For appellant there was a brief over the name of *Commodore Stephen Jackson,* with an oral argument by *Mr. Andrew M. Crawford* and *Mr. Jackson.*

For respondent there was a brief and an oral argument by *Mr. F. W. Benson* and *Mr. J. C. Fullerton.*

MR. JUSTICE WOLVERTON delivered the opinion.

1. It is maintained that, as plaintiff answered fully to the action at law, he was not in a position to interpose a cross bill in equity. But by answering over to the cross bill; and going to trial in the equitable forum, the defendant waived his demurrer, and the right to have the cause first tried at law.

2. The plaintiff's remedy at law, it is manifest from the cross complaint, is not as practical and efficient to satisfy the ends of justice, or as adequate, as that in equity to afford him as full relief as he is entitled to; hence the cross bill is not objectionable because it may suggest a sufficient legal defense to the action. Both these propositions were determined in *South Port. Land Co.* v. *Munger,* 36 Or. 457, 470 (54 Pac. 815, 60 Pac. 5). The cause of suit set forth in the cross complaint is purely equitable, and is peculiarly within the cognizance of equitable jurisdiction.

3. The objection to the complaint seems to be that the heirs of S. Marks & Co., were not made parties, it being asserted that they have acquired the legal title to the land agreed to be conveyed; but the administrator declares his readiness and ability to make a good and sufficient deed to convey the title upon payment of the demand, which is sufficient, after answer,

we think, to overcome the objection. The deed, we take it, should come from the heirs to carry a good title. The administrator, as such, could not make it, or any deed to realty, without adequate authority from a competent court. A conveyance, however, from the lawful heirs of S. Marks & Co., would satisfy the demand, and, if the administrator furnishes it, there can be no cause for complaint.

4. The proofs are clear in support of the verbal agreement as set out in the complaint. Indeed, the defendant does not deny that there was an agreement between himself and S. Marks & Co., whereby he was to purchase the land for the consideration of $1,500; but he says, in effect, that it was never fully completed; that a bond for a deed was to have been executed by the vendors, but was never done. The fact remains, however, that the parties concerned have treated the agreement as actually in existence. Possession was delivered by S. Marks & Co. to the defendant, and he has held the same through his father from that day until this, under and by virtue of the agreement. The father has planted an orchard upon it, and otherwise improved it, and has received all the products thereof. In May following the date of the alleged agreement nearly the whole of the first payment stipulated for was made by the defendant Rose, and he has from time to time made other payments thereon, thus recognizing its existence and validity, extending down to as late a date as October 17, 1899. These facts are clearly shown, and the defendant's admissions from time to time, while continuing in the possession, tend to the same purpose, and show a completed agreement, so far as was intended, until the payments should be completed and the deed executed. A reasonable time for the payment of the balance over and above the $500, the first payment agreed upon, has elapsed, and the whole of the purchase price has become due and payable. The conditions for the establishment and enforcement in equity of a verbal contract for the conveyance of land are present in this case,—that is, the contract in all of its terms has been clearly and satisfactorily defined and proven; and the defendant, having gone into

possession of the premises, and occupied as owner, and received the rents, issues, and profits, is not in a condition to repudiate it, even though entered into verbally. The contract is such a one as specific performance thereof could be enforced by the vendor: *Cooper* v. *Thomason,* 30 Or. 161 (45 Pac. 296). This proceeding, however, is more in the nature of a foreclosure of the defendant's equitable interest in the premises, and is governed by the case of *Security Sav. Co.* v. *Mackenzie,* 33 Or. 209 (52 Pac. 1046), and it was so treated by the trial court.

5. The decree, however, requires that the defendant pay the amount found due on the verbal agreement within 90 days, or be foreclosed of his interest in the land. It should have gone further, and required of the plaintiff to cause to be executed and delivered to the defendant a good and sufficient deed to said premises, such as will convey the legal title contemporaneously with such payment, and, in case of default in that particular, that the cross bill be dismissed. There will accordingly be a modification of the decree of the trial court to meet this requirement.    MODIFIED.