Argued December 14, 1909, decided January 18, 1910.

## CARROLL v. BOWNE.

[106 Pac. 331.]

PLEADING—CROSS-COMPLAINT—NATURE AND OFFICE.

1. Section 391, B. & C. Comp., provides that in an action at law, where defendant is entitled to relief arising out of facts requiring the intervention of a court of equity and material for his defense, he may, on filing his answer, also as plaintiff, file a complaint in equity in the nature of a cross-bill. *Held,* that where defendant in a law action has an equitable right, which if worked out would defeat recovery, he must file a complaint in the nature of an equitable cross-bill, and the facts which he sets forth must not only be such as require interposition of equity, but the relief sought must be material to the defense. He is not restricted to the averment of merely defensive matter, but may set forth any facts entitling him to affirmative relief, though the facts and relief must in some degree form a defense either entire or partial to the action at law.

PLEADING—CROSS-COMPLAINT—SUFFICIENCY.

2. In an action on a note executed by defendant, he filed a complaint in the nature of a cross-bill, under Section 391, B. & C. Comp., which alleged that he had purchased land from plaintiff on an understanding that conveyance was not to be made until full payment had been made, and that the note was given as the first installment of the purchase price; that thereafter he assigned a half interest in the purchase to a third person, and subsequently he and the third person assigned all their interest to a certain corporation. It was charged that plaintiff had violated the terms of the contract, had ousted the corporation from the possession of the land, and it was prayed that it be decreed that plaintiff had no right to enforce payment until he had complied with the conditions of the contract, and that the court decree the contract to be still in force. *Held,* that the cross-complaint was demurrable, since it in effect sought specific performance, and, conceding that failure of consideration appeared, the defense was available at law, and defendant could not refuse to pay because plaintiff had refused performance, since that would work an injury to defendants assignee, and the complaint showed that the real interest was in the corporation, notwithstanding the fact that defendant was a stockholder and president thereof.

From Klamath: HENRY L. BENSON, Judge.

Statement by MR. JUSTICE SLATER.

On May 14, 1907, defendant Francis J. Bowne brought an action at law against plaintiff, John D. Carroll, to recover the amount due on a promissory note for the principal sum of $1,750, executed by the latter at Klamath Falls, Oregon, on March 19, 1906, payable on or before June 1st after date.

On September 16, 1907, Carroll filed his answer, denying generally the averments of the complaint, and January 4, 1908, he filed his complaint in equity, in the nature of a cross-bill against Bowne, plaintiff in the law action, joining with him as defendants H. L. Holland, Ray Hamaker, and the Bonanza Improvement Company, a corporation. Thereafter, upon application by the corporation, it was permitted to join as plaintiff in the suit and to withdraw as defendant, whereupon, on March 5, 1908, Carroll and the corporation joined in an amended pleading, entitled an "Amended cross-bill and complaint." After stating that the purpose of the complaint is to serve as a cross-bill in equity to the law action brought by Bowne against Carroll, and alleging the corporate existence of the Bonanza Improvement Company, they aver that on March 19, 1906, Carroll entered into a written contract with Bowne for the purchase of a large amount of land in Klamath County, together with some personal property, for the aggregate price of $61,750.00.

The substance of the agreement, so far as material to this case, is that Bowne in consideration of $1,750 to him paid by Carroll, and of the latter's covenants to pay him other amounts at stated times, the last being November 12, 1912, in all aggregating the full purchase price above stated, agreed to sell and convey to Carroll, or his assigns, the several parcels of land particularly described in the agreement and some personalty generally described. The real property was not to be conveyed to Bowne until full payment had been made of the several amounts on

or before the respective dates agreed upon, time being made the essence of the contract, and forfeiture being declared of all amounts paid (to be considered as liquidated damages) in case of default by Carroll. But it was agreed that at any time during the life of the contract any or all of a particular portion of the lands listed in a schedule attached might be sold at the prices therein stated, and, upon payment of the purchase price to Bowne, he was to convey the land at once to the purchaser. It is further alleged that at the date of the contract Carroll executed and delivered to Bowne the note upon which the action was brought, and that it was taken and received by Bowne as the first payment on the purchase price; that on April 2, 1906, Carroll, for a valuable consideration, sold and assigned to H. E. McKenney an undivided one-half interest in the purchase, and on the 6th both likewise sold and assigned to the Bonanza Improvement Company all of their rights under the contract, so far as it pertained to the realty, but retained their rights to the personalty; that the company on May 1, 1906, paid to Bowne the second installment, amounting to $5,000, then due under the contract, and entered into possession of the lands while Carroll and McKenney took possession of the personalty; that afterwards, on May 11, 1906, a supplementary written agreement was entered into between the company, Carroll, and McKenney, on one side, and Bowne on the other, wherein it was recited that the company had exercised the option to immediately take and pay for all of the land in the schedule named, Carroll and McKenney guaranteeing payment; that, to facilitate the transfer and sale thereof, Bowne agreed to have it platted into town lots, and to have the plats thereof legally adopted and recorded, which he did, but that he then refused to convey, although, it is alleged, plaintiffs paid the purchase price thereof, according to the terms of the contract;

that Bowne, intending to repudiate his contract and to
defraud plaintiffs, violated its terms and re-entered and
ousted the corporation from the possession of the land,
and sold and conveyed large portions of it to other par-
ties, including Ray Hamaker, and received large sums
of money therefor; that he divided the proceeds thereof
with Holgate, who, it is alleged, was the attorney for
the company, and had fraudulently caused false records
of the corporation to be made, showing his appointment
to the office of vice-president thereof; that Carroll was
president of the company, and, in general, that Holgate
and Bowne conspired to defraud plaintiffs out of the
land, which had greatly increased in value since the
making of the contract, and through misrepresentation
and deceit induced Carroll, as president of the company,
to sign and deliver to Holgate a written release, surren-
dering to Bowne all rights under the contracts.    Other
acts of fraudulent conduct upon the part of Holgate in
making false records in the minutes of the board meet-
ings of the corporation, and in secreting and refusing
to surrender the said records, are averred.

The relief prayed is an accounting by Bowne, and an
injunction against him, restraining him from selling or
encumbering any of the lands or property included in
the contract; that Holgate be compelled to surrender
and deliver into court the records, papers, and documents
in his possession pertaining to or in any way belonging
to the corporation, and for an accounting of moneys
received by him from Bowne, or paid out by him to
Bowne on behalf of the company; that the amount paid
to Bowne on the contract be ascertained, and all amounts
received by him from other sources, as the proceeds of
the property, the subject-matter of the contract, be ascer-
tained and applied upon the payment, and liquidation
and discharge of any payments that may under the terms
of the contract still be due Bowne; that the court decree

said contracts to be still in force and effect, and the instrument obtained by Bowne, purporting to cancel the original contracts, to be void for fraud, and that Bowne has no right in law or equity to enforce payment of said promissory note until he has complied with the terms and conditions of the said contracts.

A general demurrer to the complaint was interposed by defendant Bowne, and as grounds therefor he alleged that the facts averred are insufficient to constitute any defense to the action at law, or a cause of suit against him.   The demurrer was sustained, and the suit dismissed as to Bowne.   From the judgment entered plaintiffs have appealed.                              AFFIRMED.

For appellants there was a brief over the names of *Mr. Thomas Drake* and *Mr. Delmon V. Kuykendall,* with an oral argument by *Mr. Frank Holmes.*

For respondents there was a brief over the names of *Mr. F. H. Mills* and *Mr. A. L. Leavitt,* with an oral argument by *Mr. Mills.*

MR. JUSTICE SLATER delivered the opinion of the court.

1. The statute (Section 391, B. & C. Comp., provides as follows:

"In an action at law, where the defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, and material for his defense, he may, upon filing his answer therein, also as plaintiff, file a complaint in equity, in the nature of a cross-bill, which shall stay the proceedings at law, and the case thereafter shall proceed as in a suit in equity, in which said proceedings may be perpetually enjoined by final decree, or allowed to proceed in accordance with such final decree."

If the defendant in a law action has an equitable right, which if worked out would defeat a recovery, he may not plead it at law, but must go to the equity side of the court, and this he does by the filing of a complaint in the nature of a cross-bill in equity.   The facts which he

sets forth in such a complaint must be not only such as require the interposition of a court of equity, but the relief sought must be material for his defense.  He is not restricted, however, to the averment of merely defensive matter, but may set forth any facts entitling him to affirmative relief, but the facts and circumstances set forth and the relief sought must in some degree form a defense, either entire or partial, to the action at law. *Hatcher* v. *Briggs,* 6 Or. 31, 40.

No facts are stated in the complaint, which tend in any degree to defeat Bowne's right to recover upon the note.  Indeed, the only remedy sought, which would at all affect the action at law is contained in the closing sentence of the prayer, viz., that the court decree that Bowne has no right in law or equity to enforce payment of the note until he has° complied with the terms and conditions of the two contracts set forth in the complaint. But we are unable to see that the facts stated entitle him to any such relief.  He does not seek a rescission of the contracts, but the whole tenor of the complaint is upon the theory of a right to a specific enforcement of the contracts against Bowne.  This could not be had, except upon performance, or offer to perform all conditions precedent, one of which is the prompt payment of the several installments of the purchase price.

2. As we understand counsel, they contend upon one phase of the case that the facts alleged tend to show a failure or partial failure of the consideration for which the note was given.  Even if that be true, the defense is available at law.  The note was given for the first payment to be made under the contract on the purchase price of land, and it is averred in the cross-bill that it was taken and received by Bowne as the first payment. A few days afterwards Carroll, who gave the note, assigned to McKenney, for a valuable consideration, an undivided interest in the contract of purchase, and still

Sig. 11

later both of them likewise assigned to the corporation all of the contract pertaining to the realty, and it is out of that part of the transaction that the equitable rights, if any, are supposed to have arisen. By the assignment Carroll deprived himself of all further interest to be derived from the purchase of the land. The fact that he was a stockholder and president of the corporation does not preserve to him an interest, or right as an individual, in the contract. All of the benefits to be derived therefrom come to the corporation as an entity, and, if there was a breach of its terms by the vendor, it is an injury to the corporate entity, and not to the individual stockholders. Suppose that upon a judicial examination of the merits of the case stated in the complaint, it should be found that Bowne had wrongfully broken his contract, and was required to account for a large sum of money received by him from the sale of land or for crops taken, to whom would this go—to Carroll or to the corporation? It could not go to Carroll, because the right of property is not in him, and hence no part of it could offset the amount due upon the note. Neither could Carroll refuse to pay the note because Bowne had refused performance, because that would be an injury to the assignee, who could not enforce the contract without showing performance or offering to perform on its part all conditions precedent. This would follow, even on the assumption that the giving of the note was merely an extension of time in which to make the first payment, but, as pointed out, it is averred that it was taken and received by Bowne as the first payment. If so, it would be an independent contract, to which subsequent equities arising out of a nonperformance of the contract to sell by the vendor could not attach.

It is not material to consider whether the bill states any equity in favor of the Bonanza Improvement Company, for such company is not a party to the law action,

and Carroll, the sole defendant therein, is alone entitled to present a cross-bill as a defense to the action. The case of *Manning* v. *Gasharie,* 27 Ind. 399, is somewhat in point. That was a suit upon a promissory note against a number of persons who had united in an association for the purpose of carrying on a co-operative store. The note given was for merchandise, and was signed by the managing agent of the association as agent. The articles of association provided that the business should be managed by a board of directors, a president, vice-president, and managing agent, and that no goods should be bought on credit. Certain of the defendants filed a cross-complaint against the plaintiff, and those of the defendants who had held the position of directors setting up that the goods had been bought on credit, in violation of the articles of association, etc., and asking, if judgment was recovered, that execution might be first directed against the property of the directors. It was held on demurrer to the complaint that the relation of the defendants to the law action was that of partners, and that the facts stated in the cross-complaint did not constitute any defense to the action.

We are satisfied there was no error in sustaining the demurrer, and therefore the decree is affirmed.

AFFIRMED.