## MILLER v. FISHER.

(151 Pac. 971.)

**Abatement and Revival—Enjoining Action at Law—Grounds of Demurrer—Action Pending.**

1. Demurrer, in an equity bill to stay proceedings at law, on the ground that there is another action on the same subject matter between the same parties pending, should be overruled; the pendency of the law action being a prerequisite in such case to the filing of the bill.

**Injunction—Remedy at Law—Cancellation of Instruments.**

2. In ejectment, the defendant alleged that he could not succeed unless a certain plat of lands was canceled. He therefore brought a bill in equity to stay proceedings at law, and prayed cancellation of the plat. Demurrer was filed to his bill on the ground that it did not state a cause of action. *Held,* that the demurrer should have been overruled, since the defendant did not have a plain, adequate and complete remedy at law.

> [As to cancellation of instruments notwithstanding a defense at law, see note in 9 Am. St. Rep. 859.]

**Municipal Corporations—Plats by Land Owners—Mistake—Recordation—Cancellation.**

3. Where the plat of city lots is filed, but the lots are sold according to another unrecorded plat by conveyances which do not conflict, and the two plats do not coincide, the original and recorded plat should be canceled to protect titles acquired under the second plat.

**Appeal and Error—Presumptions—Defect of Parties—Failure to Demur.**

4. Where no demurrer is interposed alleging defect in parties, it will be assumed that there are no other parties in interest.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 1. Statement by MR. CHIEF JUSTICE MOORE.

This is a suit by B. H. Miller and Edith E. Miller against Julius Fisher, Harry Fisher, Augusta Fisher and Mary Fisher, to enjoin the maintenance of an action at law. The facts disclosed by the complaint in equity, which is in the nature of a cross-bill, are to the effect that James Steel and his wife, being the owners of a tract of land, in Multnomah County, Oregon, described as beginning at a point 52 rods east of the southwest corner of the southeast quarter of section 16, in township 1 north of range 1 east, giving courses and distances to the place of beginning, caused such land to be surveyed into lots, blocks, streets, etc., and September 9, 1882, filed a plat thereof entitled "Park Addition to Albina," which map failed to designate the initial point or any other tie. Block 2 as delineated on the plat is represented as being separated from the south boundary of section 16 by Division Street, 30 feet in width. The lots in this block are 50 feet wide from north to south and 100 feet long from east to west, and along the west side are consecutively numbered from 1 to 12 beginning at the south end of the block, and along the east side are consecutively numbered from 13 to 24, commencing at the north end of the block. The owners of the platted land on December 7, 1882, executed a deed for lot 17 in that block to Mrs. N. J. Woodruff, from whom the plaintiff B. H. Miller obtained a conveyance thereof. Steel and wife on November 30, 1883, executed a deed for lots 20 and 21 in such block to Mrs. Anna A. Fisher, from whom her heirs, the defendants, Julius Fisher, Harry Fisher, Augusta Fisher and Mary Fisher obtained the title by inheritance. The owners of the addition on May 19,

1884, conveyed lot 16 in that block to George Johnson, from whom, by mesne conveyances, the plaintiff Edith E. Miller, wife of the coplaintiff, secured a conveyance thereof. Steel and wife, on December 17, 1887, filed another plat of "Park Addition to Albina," correctly designating the initial point; but in the latter map the lots on the east side of block 2 are numbered from 13 to 24, consecutively, beginning at the south end of the block instead of the north as in the original plat. By making sketches of block 2 as originally and subsequently platted, it will be seen at a glance that the lots which were at first marked 20 and 21 become 17 and 16, respectively.

The defendants in the case at bar, as plaintiffs, commenced an action in ejectment against the plaintiffs herein, as defendants, alleging that they were the owners in fee of lots 20 and 21 in block 2 in Park Addition to Albina, according to the plat thereof, filed September 9, 1882; that such plat had been changed, as indicated, without the consent, knowledge or authority of Anna A. Fisher, the then owner of such lots at the time the alteration in the plat was made; and that the defendants in such action, the plaintiffs in this suit, wrongfully withhold the possession of the lots last described to the damages of the plaintiffs in that action in the sum of $900. The defendants in such action answered, and thereupon filed the complaint first mentioned herein, setting forth, in substance, the facts here stated, and alleging in effect that the conveyances so made by Steel and wife to Mrs. Woodruff, Mrs. Fisher and George Johnson, and all subsequent conveyances of lots thus described, were executed for lands as indicated on the plat filed December 17, 1887; that, at the time such conveyances were made, each purchaser of

the several lots accepted the title thereto in accordance with the corrected map, believing that the original plat was a correct copy thereof, and as soon as it was discovered that a mistake had been made the corrected plat was filed, which latter map has always been considered the correct plat of Park Addition to Albina, now the City of Portland, but by oversight or mistake the original map has never been set aside except by filing the corrected plat; that, for more than 30 years prior to the commencement of this suit, the plaintiffs herein and their grantors have been the owners in fee and in the possession of lots 16 and 17 in block 2 of such addition, as appears on the corrected plat, and have at all times paid the taxes levied and the assessments imposed on such premises; and that they have no plain, speedy or adequate remedy at law.

For a further cause of suit and by way of estoppel, it is alleged that during her lifetime Mrs. Fisher admitted she was the owner of lots 20 and 21 in block 2 of Park Addition to Albina, according to the corrected plat thereof, and she and her successors in interest have paid the taxes and assessments thereon; that Mrs. Fisher never asserted any claim to lots 16 and 17 in such block, nor did her successors in interest do so until they instituted their action in ejectment; and that defendants herein as heirs of Mrs. Fisher should be estopped from claiming any estate in or right to lots 20 and 21 in block 2 as represented on the incomplete plat of Park Addition to Albina, filed September 9, 1882.

The prayer is that the maintenance of the ejectment action be perpetually enjoined; that the defendants herein be restrained from asserting any claim to or right in lots 16 and 17 in block 2, as represented by the

corrected plat; that the original map be declared void for uncertainty; that the plaintiffs in this suit be decreed to be the owners in fee of the lots last mentioned, as represented on the plat filed December 17, 1887, and for such other and further relief as to the court may seem just and equitable in the premises.

A demurrer to such complaint, on the grounds that it did not state facts sufficient to constitute a cause of suit, and that there was then another action pending between the same parties, involving the same subject matter, was sustained, and, the plaintiffs herein declining further to plead, the suit was dismissed, and they appeal.                    REVERSED AND REMANDED.

For appellants there was a brief and an oral argument by *Mr. Edward T. Taggart.*

For respondents there was a brief over the names of *Messrs. Manning & White* and *Mr. C. J. Wangerein,* with an oral argument by *Mr. Samuel White.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. The second ground of the demurrer is without merit, for the statute declares that:

"In an action at law, where the defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, and material to his defense, he may, upon filing his answer therein, also as plaintiff, file a complaint in equity, in the nature of a cross-bill, which shall stay the proceedings at law, and the case thereafter shall proceed as in a suit in equity, in which said proceedings may be perpetually enjoined by final decree, or allowed to proceed in accordance with such final decree: Section 390, L. O. L.

In Oregon, though a court at law and one in equity are presided over by the same judge, they are essentially distinct forums, and in order to authorize the consideration of a purely equitable question, or to warrant a review of facts that tend to overthrow the plaintiff's legal title, or to give the defendant a better right by reason of his superior equity, when he is without a plain, adequate and complete remedy at law, such facts may be presented to the court in the manner provided in the section of the statute from which the excerpt has been taken: *Moore* v. *Frazer,* 15 Or. 635 (16 Pac. 869); *Dose* v. *Beatie,* 62 Or. 308 (123 Pac. 383, 125 Pac. 277). A complaint, in equity, in the nature of a cross-bill, cannot be interposed to enjoin the prosecution of an action at law until such action has been instituted and an answer filed therein; and, this being so, there must always be pending an action between the same parties in which the facts stated in the complaint must necessarily be somewhat analogous to the averments of the cross-bill.

2. Considering the other ground of demurrer, it is possible.the plaintiffs herein, as defendants in the ejectment action, could, by their answer, have set forth facts and by proof established a valid title to the demanded premises, and thus have defeated a recovery; but in such action the original plat could not have been canceled, and hence that which might have been alleged, as a reason why the plaintiffs therein should not have recovered what they sought, did not afford a plain, adequate and complete remedy at law: *Wood* v. *Fisk,* 45 Or. 276 (77 Pac. 128, 738).

3. If, in negotiating sales of land in Park Addition to Albina, Mr. Steel or his agents pointed out to purchasers the stakes set in the ground to indicate par-

ticular lots, which were not conveyed to others, and such purchasers accepted deeds thereto and entered into possession of the premises, making valuable improvements thereon, their titles should be protected without regard to the earlier plat. When the second map was made is not disclosed by the cross-bill but if it was in existence at the time the conveyances referred to herein were executed, and such sales of lots were made in accordance with the amended plat, though it had not been filed, and the real property described in the deeds so given did not interfere or conflict with prior conveyances, the original plat should be canceled.

4. Since no demurrer was interposed to the cross-bill on account of a defect of parties, it must be assumed that lots 16, 17, 20 and 21 in block 2 of Park Addition to Albina were the only tracts in controversy, and the parties to this suit the only individuals who would be interested in or affected by a cancellation of the original plat.

It is believed that the complaint herein stated facts sufficient to constitute a cause of suit, thereby requiring the defendants to set forth by answer the facts composing their defense, and for this reason an error was committed in sustaining the demurrer and dismissing the suit.

The decree is therefore reversed, and the cause remanded for such further proceedings as may be necessary not inconsistent with this opinion.

REVERSED AND REMANDED.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE MCBRIDE concur.