Argued February 23, reversed March 14, 1916.

# TOOZE *v.* HEIGHTON.

### (156 Pac. 245.)

**Action—Nature and Form—Equitable Defenses.**

1. A purely equitable defense cannot be pleaded in an answer to an action at law, but can be made available by cross-bill.

**Equity—Pleading—Complaint in Nature of Cross-bill.**

2. Under Section 390, L. O. L., providing that cross-bills are abolished, but in an action at law, where defendant is entitled to relief arising out of facts requiring interposition of a court of equity and material to his defense, he may file an answer, and also a complaint in equity in the nature of a cross-bill, while defendant is not restricted to merely defensive matter in such a complaint in equity, the relief sought must operate as an entire or partial defense to the action at law, and the mere fact that defendant can state a cause of suit entitling him to equitable relief will not warrant the filing of such complaint.

**Equity—Pleading—Cross-bill.**

3. In an action at law a defendant may plead anything which shows that the plaintiff ought not to recover, and, if the thing pleaded is a legal right, it must appear in an answer, but, if it be an equitable right, or the defense at law is not as plain, adequate, complete, practical and efficient as a defense on the same facts in a court of equity, a cross-bill may be interposed.

**Equity—Pleading—Complaint in Nature of Cross-bill.**

4. Under Section 390, L. O. L., authorizing a complaint in equity in the nature of a cross-bill where the defendant in an action at law is entitled to relief arising out of facts requiring the interposition of equity and material to his defense, where a complaint at law alleges that defendant delivered to plaintiff a written contract for the sale of a hotel on which plaintiff made substantial payments, that they exchanged their interests in the hotel for a farm, that defendant was to deliver to plaintiff a written contract containing specified stipulations for the sale of the farm in lieu of the contract for sale of the hotel, and that defendant broke the contract and plaintiff is entitled to recover payments made by him, together with other damages, defendant's allegations that plaintiff borrowed money from defendant, who received the farm as security for the loan, and that it was agreed that, if plaintiff reduced the indebtedness to $3,000 by a date named, defendant would make him a contract for the sale of the farm, but, if the reduction was not so made, the farm should be the absolute property of defendant, do not present facts proper for a complaint in the nature of a cross-bill, since the facts alleged could be alleged in the answer at law as a defense, though the cross-bill also sought foreclosure of the contract with plaintiff.

79 Or.—35

Equity—Pleading—Cross-bill.

5. A defendant at law is not obliged to file a cross-bill, but may litigate the action at law to a conclusion, and then commence a suit in equity and defeat the judgment at law by the assertion of his equitable defense.

From Marion: WILLIAM GALLOWAY, Judge.

Department 2.    Statement by MR. JUSTICE HARRIS.

B. C. Heighton commenced an action at law against Charles T. Tooze for the recovery of $3,482 on account of the failure of the latter to comply with an alleged agreement concerning land. The complaint in the action at law alleges that Tooze agreed in writing to sell to Heighton 80 acres of timber land for the sum of $5,000; that Heighton paid $1,000 in property, and was to receive a deed when the balance of the purchase price was paid. The pleading then relates that Heighton and Tooze exchanged their interest in the timber land for certain hotel property in Polk County, and that pursuant to their agreement Tooze took the deed to the hotel and executed to Heighton a contract for the sale of the hotel in lieu of the one for the sale of the timber land, giving Heighton credit for the $1,000 payment, and also allowing other credits which reduced Tooze's interest in the hotel property to $3,000. It is then alleged that they desired to exchange the hotel for a farm in Marion County and two promissory notes, one note being for $90, and the other for $30, and agreed that Tooze should receive the deed to the farm, and then deliver to Heighton another contract for the sale of the farm in lieu of the agreement which had been made for the sale of the hotel property; that Tooze was to execute such a contract to Heighton for the purchase of the farm ''as would give plaintiff ample and sufficient time to pay therefor, and that plaintiff should have possession of said property dur-

ing the continuance of said contract, and that, when the same was fully paid for, defendant should execute to plaintiff a deed to the same, it being understood and agreed at said time that in said contract defendant would again credit plaintiff upon the purchase price" of the farm the amount of the credits on the hotel property. The complaint also avers that it was understood that the two notes would "be turned over and become the property of plaintiff"; that the exchange was made, the farm being conveyed to Tooze and the two notes delivered to him; that Heighton took possession of the farm upon which he has placed improvements valued at $512; that Tooze has broken the agreement by refusing to execute a contract, notifying Heighton to vacate the farm, bringing an action against Heighton for the possession of the premises, and collecting and appropriating moneys due on the two notes; and that because of the failure of Tooze to keep his agreement Heighton is damaged in the sum of $3,482, for which amount judgment is demanded. Tooze filed an answer to the complaint in the action at law, and then filed a complaint in equity in the nature of a cross-bill which, in substance, alleges: That Heighton purchased the hotel property, and, not having enough money to close the deal, borrowed $3,000 from Tooze, and secured the loan by causing the hotel property to be conveyed to Tooze, who then delivered to Heighton a written contract for the sale of the property; that afterward Heighton exchanged the hotel for the farm, the exchange being effected by Tooze conveying the hotel and receiving a deed to the farm as security for the moneys due from Heighton; that upon completion of the exchange Heighton owed Tooze $3,665.34; that the two notes were received by Tooze with the understanding that he should collect and apply the moneys on the

indebtedness of Heighton; that when Tooze received the deed to the farm Heighton agreed to reduce his indebtedness to $3,000 on or before October 1, 1914, and that, if the indebtedness was not so reduced, the farm should be the absolute property of Tooze, but, if the reduction was made, Tooze would deliver to Heighton a contract for the sale of the farm upon the same terms and conditions and in the same form as the contract concerning the hotel property, and that Heighton was not to go into possession of the farm until a contract was delivered to him; that no payments have been made except $120 received on the two notes; that Heighton took possession of the farm, and then incurred indebtedness amounting to $340 in the construction of buildings which Tooze was obliged to pay in order to free the premises from liens; that Tooze paid $33 as interest on a mortgage for $1,100 on the farm held by the state land board, and that the principal of the mortgage is now due; that at the request of Heighton $25 was paid to attorneys when the hotel was exchanged for the farm; that Heighton agreed to pay 6½ per cent interest on all moneys due Tooze. The prayer of the complaint in equity asks for a judgment for the amount due from Heighton and a decree enjoining the prosecution of the action at law and foreclosing the interest of Heighton by a sale of the farm. The trial court overruled a demurrer to the complaint in equity. Heighton refused to plead further, and thereupon a decree was rendered in accordance with the prayer of the complaint.

REVERSED.

For appellants there was a brief and an oral argument by *Mr. Walter C. Winslow.*

For respondents there was a brief over the names of *Messrs. Carson & Brown* and *Mr. Walter L. Tooze, Jr.,* with oral arguments by *Mr. Tooze* and *Mr. John A. Carson.*

Mr. Justice Harris delivered the opinion of the court.

Omitting the details and reciting only the result of the transactions, the complaint, in substance, states that Tooze delivered to Heighton a written contract for the sale of the hotel upon which Heighton made substantial payments; that Tooze and Heighton exchanged their interests in the hotel for the farm; that Tooze was to deliver to Heighton a written contract containing specified stipulations for the sale of the farm in lieu of the contract for the sale of the hotel; that Tooze failed to keep any of his promises; and that Heighton is therefore entitled to recover the payments made by him together with other damages. The complaint in equity, which for convenience we shall call a cross-bill, although it is only in the nature of a cross-bill, sets forth that Heighton borrowed money from Tooze, who received the farm as security for the loan; that it was agreed that, if Heighton reduced the indebtedness to $3,000 by October 1, 1914, Tooze would make him a contract for the sale of the farm, but, if the reduction was not so made, the farm "should be the absolute property" of Tooze.

If the agreement was as claimed by Heighton, and if Tooze has committed the breaches complained of by the former, then Heighton is entitled to recover a judgment. If, however, the agreement was as alleged by Tooze, and if Heighton has been guilty of the violations charged against him, then Heighton would not be entitled to treat this agreement as rescinded and

to recover the payments made by him. Both parties admit that there was an agreement but they differ radically as to the terms of the agreement. The right of Heighton to recover in the action at law depends upon whether he can prove the agreement alleged by him; and it is plain that Tooze can prevent a recovery by pleading and proving in the action at law the contract and a breach of the contract as claimed by him. Heighton argues that Tooze could have pleaded in the action at law every fact recited in the cross-bill, and that therefore the latter was not entitled to convert the litigation into a suit in equity by filing a cross-bill. Tooze contends that his right to foreclose the contract entitled him to file a cross-bill, because only a court of equity could foreclose the interest of Heighton; and therefore the single question for decision is whether Tooze had the right to transfer the controversy from an action at law to a suit in equity by the filing of a complaint in the nature of a cross-bill as provided for in Section 390, L. O. L.

In 1862 the legislature passed an act to provide a Code of Civil Procedure, Section 377 of which reads thus:

"Bills of revivor and bills of review of whatever nature, cross-bills, exceptions for insufficiency, impertinence, or irrelevancy are abolished; but a decree in equity may be impeached and set aside, or suspended or avoided, or carried into execution, by an original suit. The mode of proceeding in a suit from the commencement to the determination thereof, and thereafter until satisfaction or performance of the decree be had, shall be as provided in this chapter and not otherwise": Laws 1862, pp. 99, 100, Code of Civ. Proc.; Section 377, Deady's Code.

In 1870 Section 377 of the Code of Civil Procedure was amended: Laws 1870, p. 30. The amendment, as reproduced in Section 390, L. O. L., appears as follows:

"Bills of revivor and bills of review, of whatever nature, exceptions for insufficiency, impertinence, or irrelevancy, and cross-bills, except as hereinafter mentioned, are abolished; but a decree in equity may be impeached and set aside, suspended, avoided, or carried into execution by an original suit; and in an action at law, where the defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, and material to his defense, he may, upon filing his answer therein, also as plaintiff, file a complaint in equity, in the nature of a cross-bill, which shall stay the proceedings at law, and the case thereafter shall proceed as in a suit in equity, in which said proceedings may be perpetually enjoined by final decree, or allowed to proceed in accordance with such final decree. The mode of proceeding in a suit, from the commencement to the determination thereof, and thereafter until satisfaction or performance of the decree be had, shall be as provided in this title, and not otherwise."

Neither the printed Laws of 1870 nor even any subsequent compilation of statutes contains a literal exemplification of the amendment, and for that reason we here set down an exact copy of the material parts of the amendment, preserving both the punctuation and wording, as passed by the legislature, and now on file with the Secretary of State:

" * * Cross-bills, except as hereinafter mentioned, are abolished. * * And in an action at law where the defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity and material to his defense, he may upon filing his answer therein also as plaintiff, file a complaint in equity, in the nature of a cross-bill, which shall stay the proceedings at law and the case thereafter shall proceed as a suit in equity in which said proceeding may be perpetually enjoined by final decree or allowed to proceed in accordance with such final decree. The mode of proceeding in a suit from the commencement to the determination thereof, and thereafter, until satisfac-

tion or performance of the decree be had, shall be as provided in this chapter and not otherwise."

Heighton declined to file an answer to the cross-bill on the theory that an answer would have operated as a waiver of his right to object to the filing of the cross-bill, and consequently the contention made by him is squarely presented for decision: *Scheland* v. *Erpelding,* 6 Or. 259, 263; *South Portland L. Co.* v. *Munger,* 36 Or. 457, 470 (54 Pac. 815, 60 Pac. 5) ; *Wollenberg* v. *Rose,* 41 Or. 314, 316 (68 Pac. 804). In most of the code states the distinction between actions at law and suits in equity has been abolished, and a single form of action, called a civil action, is provided for the enforcement or protection of private rights and the redress of private wrongs; and, as a general rule, in those jurisdictions the defendant is permitted to set forth in a single answer as many defenses and counter-claims as he may have, whether legal or equitable or both, but they must be separately stated and refer to the causes of action which they are intended to answer in such manner that they may be intelligibly distinguished: Pomeroy, Code Rem. (4 ed.), §§ 4, 473.

1. Oregon, is one of the few states, however, which has not abolished the distinction between suits in equity and actions at law. Here a purely equitable defense cannot be pleaded in an answer to an action at law, but it can be made available by a cross-bill: *Ming Yue* v. *Coos Bay R. R. Co.,* 24 Or. 392 (33 Pac. 641) ; *Watson* v. *McLench,* 57 Or. 446, 452 (110 Pac. 482, 112 Pac. 416); *Lumbermen's Nat. Bank* v. *Campbell,* 61 Or. 123, 132 (121 Pac. 427) ; *Dose* v. *Beatie,* 62 Or. 308, 316 (123 Pac. 383, 125 Pac. 277) ; *Donart* v. *Stewart,* 63 Or. 76, 79 (126 Pac. 608) ; *Hirsch* v. *May,* 75 Or. 403, 409 (146 Pac. 831) ; *Miller* v. *Fisher,* 77 Or. 532 (151 Pac. 971).

2. A cross-bill is not properly filed unless within the limitations fixed by Section 390, L. O. L. The mere fact that a defendant can state a cause of suit entitling him to equitable relief would not of itself be enough to warrant the filing of a cross-bill. The statute contains the words "material to his defense," and a complaint which does not embrace that element does not come within Section 390, L. O. L.: *Hatcher* v. *Briggs,* 6 Or. 32, 40; *Haaland* v. *Miller,* 67 Or. 346, 350 (136 Pac. 9). The cross-bill is for the purpose of establishing the equitable defense: *Parker* v. *Daly,* 58 Or. 564, 571 (114 Pac. 926, 115 Pac. 723, 34 L. R. A. (N. S.) 545); *Oatman* v. *Epps,* 15 Or. 437, 438 (15 Pac. 709); *Haaland* v. *Miller,* 67 Or. 346, 350 (136 Pac. 9), is authority for the statement that "a 'defense,' within the meaning of Section 390, L. O. L., includes every matter of fact tending to diminish or entirely defeat the plaintiff's cause of action," and "a counterclaim is not a defense within the meaning" of that section. While it is true that a defendant is not restricted to merely defensive matter, and may set forth facts entitling him to affirmative relief, still the relief sought must operate as an entire or partial defense to the action at law: *Carroll* v. *Browne,* 55 Or. 316, 321 (106 Pac. 331).

3. Stated in general terms, a defendant may plead anything which shows that the plaintiff ought not to recover. If the thing pleaded is a legal right, it must appear in an answer filed in the action at law, but, if it be an equitable right, it may be availed of by filing a cross-bill, or, as stated in Pomeroy on Code Rem. (4 ed.), Section 30:

"Whenever equity confers a right, and the right avails to defeat a legal cause of action—that is, shows that the plaintiff ought not to recover in his legal action —then the facts from which such right arises may be

set up as an equitable defense in bar": 1 Cyc. 738;
1 C. J., p. 1052.

In *Dose* v. *Beatie,* 62 Or. 308, 316 (123 Pac. 383, 386),
this court ruled that:

"When in a law action the defendant can legally set
forth the facts constituting his entire defense, his an-
swer is adequate, and there is no necessity for a resort
to a suit in equity in the nature of a cross-bill."

If, however, the defense available at law is not as
plain, adequate, complete, practical and efficient as a
defense on the same facts in a court of equity, a cross-
bill may be interposed: *South Portland L. Co.* v. *Mun-
ger,* 36 Or. 457, 473 (54 Pac. 815, 60 Pac. 5).

We may better appreciate the meaning of the statute
when reminded of the purpose of the legislation. This
court long ago held that:

"The object of the provisions of the Code regulating
the proceeding was to avoid the necessity of waiting
until the action at law was determined before equity
jurisdiction was invoked; and it saved the necessity of
procuring the issuance of an injunction to restrain the
execution of the judgment at law": *Scheiffelin* v.
*Weatherred,* 19 Or. 172, 174 (23 Pac. 898, 899); *South
Portland L. Co.* v. *Munger,* 36 Or. 457, 468 (54 Pac. 815,
60 Pac. 5).

The early case of *Scheland* v. *Erpelding,* 6 Or. 259,
affords a precedent to be followed here. E. com-
menced an action at law against S. for the recovery
of wages alleged to have been due for work performed
by E. An answer was filed in the action at law by S.,
who then filed a cross-bill averring that S. and E. were
partners, and that the work done by E. was performed
as a partner, and the prayer asked that the action at
law be stayed, the partnership dissolved, and the busi-
ness settled. Although the court held that the filing

of an answer waived the objection to the cross-bill, nevertheless it was held:

That "the question of the existence of this partnership, if traversed, could be tried by a jury in the action at law, and was therefore a good defense; and Scheland had no need to avail himself of an equitable defense; and the motion of the plaintiff in the action at law to strike out this cross-bill should have prevailed," and, further, that "this cross-bill is a bill to dissolve and settle an alleged partnership, and would have been a proper proceeding as a suit in equity had the issue of partnership in the action at law been found for Scheland, and that part of the claim of Erpelding thereby defeated."

The conclusion reached in *Scheland* v. *Erpelding,* 6 Or. 259, 263, was approved in *Fire Assn.* v. *Allesina,* 45 Or. 154, 164 (77 Pac. 123, 127), where Mr. Justice BEAN, speaking for the court, said:

"The action was on an account; the defense that the parties were partners, which was a good and complete defense at law. The condition of the partnership account, if they were partners, or whether the partnership should be dissolved, were matters wholly irrelevant to the law action, and in no way material to a defense therein."

4. Every allegation of fact appearing in the cross-bill in any way material to a defense against the complaint in the action at law can be alleged by Tooze in an answer and proved by him in an action at law. If the facts set forth by Tooze in the cross-bill are true, then Heighton cannot recover in the action at law. Supposing that the action at law is tried, that the jury finds that the contract was made as alleged by Heighton, that Tooze failed to comply with the agreement, and that Heighton obtained a judgment; in that situation no one would contend that Tooze had any equitable right remaining, and yet, if he had an equitable right

before the trial, he would have that same right after the trial, because the equitable right could not be tried in the action at law.

5. A party is not obliged to file a cross-bill, but, if he chooses, may litigate the action at law to a conclusion, and then commence a suit in equity and defeat the judgment in the action at law by the assertion of his equitable defense: *Jakel* v. *Seeck, ante,* p. 489 (154 Pac. 424). All the facts alleged in the cross-bill can be pleaded in an answer to the complaint in the action at law, and, if those facts are true, they will present an insurmountable barrier against the claim of Heighton. It must be conceded that a foreclosure of the contract on account of the breach of Heighton could be obtained only in a court of equity, but it must be remembered that a statement of facts which, if true, would warrant the granting of equitable relief, is not alone sufficient, but something more is necessary: the relief to which the party is entitled must arise out of facts requiring the interposition of a court of equity and material to his defense. We have not overlooked the fact that the conclusion reached here does not harmonize with an expression appearing as *dictum* and found in *Wollenberg* v. *Rose,* 41 Or. 314, 316 (68 Pac. 804); but we are also mindful of the circumstance that there it was expressly held that Rose waived his right to object to the cross-bill by answering and submitting to the jurisdiction of a court of equity.

The decree of the trial court is reversed, and the demurrer to the cross-bill is sustained.        REVERSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE BENSON concur.