Argued November 28, 1950; reversed and remanded April 4, petition for rehearing denied May 2, 1951

## HUNT ET AL. *v.* BISHOP
229 P. 2d 960

*Asa L. Lewelling,* of Salem, argued the cause for appellant. With him on the brief was Paul Burris, of Salem.

*Norman K. Winslow,* of Salem, argued the cause for respondents. With him on the brief was W. C. Winslow, of Salem.

Before LUSK\*, Chief Justice, and BRANDT†, LATOURETTE, WARNER and TOOZE, Justices.

WARNER, J.

This is an appeal by defendant in an action by plaintiffs as sellers against the defendant as buyer for the purchase price of a crop of hops grown by the sellers in Marion county, Oregon, in 1946 and resulting in a judgment for the plaintiffs in the amount of $1,327.50.

The written contract under which the hops were sold was made on the 13th of December, 1944. It provided that the hops when delivered should be "of prime quality, of even color, well and cleanly picked, free from damage by vermin, properly dried and cured, not broken and shall not be of the first year's planting." The buyer was obligated to advance funds for the cultivating, growing and picking of the crop. As security

\* Chief Justice when this case was argued.
† Chief Justice when this opinion was rendered.

for the advances so made for that purpose and for such damages as the buyer might sustain through the default of the sellers, the contract gave him a lien upon the crops raised.

By their complaint the sellers contend that their entire 1946 crop, consisting of 6,570 pounds or approximately thirty-four bales was tendered to the defendant-buyer at the Donald warehouse, Donald, Oregon, on November 1, 1946, and that by reason of his refusal to then accept the hops he is indebted to the sellers in the amount of $1,327.50. In arriving at the figure for which plaintiffs claim judgment, the sellers credit the total contract purchase price with the sum of $3,600.00 as the amount of the advances they had received from the buyer for the cost of producing the crop.

By his answer the defendant-buyer admits the allegations of the complaint except as to the quality of the hops tendered and the claim of any balance due and owing from him to the sellers. For a further and separate answer and defense the buyer tendered an equitable cross bill, the material allegations of which are that the sellers had breached the contract by tendering hops of lesser quality than required by the contract. He asks for judgment for his advances in the amount of $3,600.00 and attorneys' fees, and for a foreclosure of his lien against the crop.

A trial was had on the law side of the court resulting in a verdict and judgment for the plaintiff-sellers for the full amount prayed for in their complaint.

It will be observed that there is but one issue between the parties, and that is whether or not the hops tendered by the sellers and refused by the buyer were of contract standard.

■ Defendant claims that the court erred in refusing to consider defendant's cross complaint as an equitable defense to plaintiff's complaint. The circuit court was correct in treating the case as an action at law. The allegations of defendant's cross bill do not spring from facts "requiring the interposition of a court of equity, and material to his defense." § 9-102, O.C.L.A. Also see *Hamilton v. Hamilton Mammoth Mines, Inc.,* 110 Or. 546, 223 P. 926; *Heidel v. Shute,* 86 Or. 210, 167 P. 586, 168 P. 298; *Tooze v. Heighton,* 79 Or. 545, 156 P. 245. The material allegations in the defendant's equitable cross bill are that plaintiffs breached the contract by failing to deliver hops of the quality required thereunder, thereby entitling defendant to recover his advances in the amount of $3,600.00. They are in the nature of a counterclaim and are not sufficient to support it as a cross complaint in equity. In *Tooze v. Heighton,* supra, we said:

"* * * 'a defense,' within the meaning of Section 390, L.O.L. [now § 9-102, O.C.L.A.] 'includes every matter of fact tending to diminish or entirely defeat the plaintiff's cause of action,' and a 'counterclaim is not a defense within the meaning' of that section."

When in an action at law the defendant can, as here, set forth the facts constituting his entire defense, his answer is adequate and there is no necessity for a resort to an equitable answer under § 9-102, O.C.L.A. *Dose v. Beatie,* 62 Or. 308, 316, 123 P. 383, 125 P. 277; *Tooze v. Heighton,* supra, 79 Or. 554. Every allegation of material fact appearing in defendant's cross bill in any way material to his defense against plaintiffs' complaint, as alleged by defendant, could have been alleged in an answer at law. Had the jury found the facts as alleged by the defendant to have been true, they would

have presented an insurmountable barrier to plaintiffs' case. *Tooze v. Heighton,* supra.

The mere fact that the contract accorded the buyer a lien as security for his advances does not in this instance give character to the buyer's cross bill as equitable defense of the kind recognized and provided for by § 9-102, O.C.L.A.

It is conceded that a foreclosure of the contract on account of the alleged breach by the sellers could be obtained only in a court of equity. But a statement of facts which, if true, would warrant the granting of equitable relief, is not alone sufficient. Something more is necessary: The relief to which the party is entitled must not only arise out of facts requiring the interposition of a court of equity but must be material to the buyer's defense. *Tooze v. Heighton,* supra, 79 Or. 556.

The third assignment alleged that the court erred in failing to submit a special verdict to the jury. This is upon the premise urged in support of the first assignment, i.e., that defendant's cross bill constitutes a valid defense to plaintiffs' complaint entitling the empaneled jury to act in an advisory capacity in equity under the provisions of § 9-102, O.C.L.A. This contention is disposed of by our ruling on that assignment.

■ The court in instructing the jury withdrew from its consideration defendant's counterclaim. Defendant makes this the foundation for his fourth claim of error. While we are not persuaded by the reasons assigned by the court for this action, on the other hand we do not find it prejudicial to defendant. The so-called counterclaim is pleaded as defendant's cross bill. This we have hereinabove found was not available to defendant in this cause as a statutory matter arising

out of facts requiring the interposition of a court of equity and material to defendant's defense (§ 9-102, supra). As hereinabove pointed out, the right to foreclose the lien herein alleged for the recovery of defendant's advances to plaintiffs in the amount of $3,600.00 rests upon plaintiffs' alleged breach of the contract, i.e., plaintiffs' failure to deliver hops of the standard required by the contract. There is no issue between the parties as to the amount of the advances. Plaintiffs, in their complaint, specifically recognize their obligation in this respect by crediting that amount to their claim for the purchase price of the hops. Proof of plaintiffs' alleged breach of the contract by tendering hops of inferior quality was still available to defendant under his general denial and considerable evidence in support thereof adduced by defendant at the trial. The question of whether or not the hops were of contract quality was fairly and fully presented to the jury in other instructions of the court. The fourth assignment cannot be sustained.

The defendant's seventh assignment of error is directed to the following instruction given by the court:

"You are further instructed that the defendant was under no duty under the contract to inspect plaintiffs' hops until after the delivery to the warehouse at Donald, Oregon, but if you find that defendant was asked by the plaintiff to and did inspect the hops while stored in the drier before delivery to the warehouse, and did after such inspection accept the plaintiffs' hops as being of prime quality called for in the contract, after he had been notified of any possible defects, and if the plaintiff relied on such inspection and acceptance as to quality and had reasonable grounds to rely thereon and by reason thereof failed to re-dry the hops and thereby prevent future deterioration, then in that situa-

tion the defendant must be held to have waived his right to a further future inspection and rejection of the hops on the ground of the manner and condition of their drying and baling.''

This instruction submits the question of waiver to the jury for its consideration.

■ Instructions to a jury require that the contentions of each party must be presented to the jury and must correspond to the issues tendered by the pleadings. *Daniels v. Northern Pac. Ry. Co.,* 88 Or. 421, 429, 171 P. 1178; *De War v. First Nat. Bank of Roseburg,* 88 Or. 541, 545, 171 P. 1106.

In *Robinson v. Knights & Ladies of Security,* 88 Or. 516, 522, 172 P. 116, we said ''in this state a waiver must be pleaded with the same particularity as an estoppel, to which it is closely akin.'' Also, see *Title & Trust Co. v. U. S. Fidelity & Guaranty Co.,* 138 Or. 467, 502, 1 P. 2d 1100, 7 P. 2d 805.

■ The complaint contains no allegation of estoppel or waiver, and the plaintiffs in their brief expressly disclaim any contention for such doctrines. Hence, the direction given by the court goes beyond and unnecessarily expands the issues tendered by the pleadings. This constitutes error to the prejudice of defendant.

Since we find it necessary to reverse the judgment and remand the cause for further proceedings, it becomes unnecessary to comment on defendant's second assignment of error predicated upon the court's failure to order a directed verdict, or to defendant's fifth and sixth assignments directed to instructions given, except to observe that in our opinion the instructions complained of were not prejudicial to the defendant.

For the reasons given the judgment is reversed and the cause remanded.