[Filed May 11, 1885.]

## ALFRED HOVENDEN *v.* LEVI KNOTT AND WIFE AND LEVI ESTES AND WIFE.

FORECLOSURE OF MORTGAGE—CONTROVERSY BETWEEN DEFENDANTS.—In a suit to foreclose a mortgage, the court has no authority to determine a controversy between defendants jointly liable on the note which the mortgage was given to secure, as to which of them was the principal debtor and which the surety.

MULTNOMAH COUNTY. Defendant Levi Knott appeals. Decree ordered in accordance with opinion.

*H. T. Bingham,* for Appellants.

*J. C. Moreland,* for Respondent Hovenden.

*Alfred F. Sears, Jr.,* for Respondents Estes.

THAYER, J.—This appeal is from a decree rendered in a suit brought by the respondent Hovenden against Levi and Mary E. Knott and Jennie E. and Levi Estes, to foreclose a mortgage upon certain real property situated in the city of Portland. The mortgage was executed by Jennie E. and Levi Estes to the said Hovenden, as collateral to a promissory note, also executed by the former to the latter party, and indorsed by the said Levi Knott. The property mortgaged was owned by Jennie E. Estes, who is the wife of said Levi Estes. Levi Knott was alleged to have had some interest in the mortgaged property, and the said Mary E. Knott, who is the wife of the said Levi Knott, seems to have been made a party to the suit in consequence of that fact alone.

After the summons had been served upon all the defendants in the suit, the defendants Levi and Jennie E. Estes filed the following paper, which they termed an answer:—

"Now come the defendants Levi Estes and Jennie Estes, and for their separate answer herein, and for cause of relief against the defendant Levi Knott, allege: That the note and mortgage described in the complaint were executed and delivered by the defendants Levi Estes and Jennie Estes for the accommodation of the defendant Levi Knott, and these defendants never received any consideration therefor, and the same were made and given to the plaintiff at the request of said defendant Levi Knott, as aforesaid, and upon his promise that he would pay the same at maturity, of all which facts the plaintiff had full knowledge; that the said Levi Knott is possessed of sufficient funds to pay said note, and has abundant property, not exempt from execution and unencumbered, available therefor. Whereupon, these defendants pray that a decree may be entered in accordance with said facts: *First.* That said Knott be decreed to be the principal debtor primarily liable for said debt and demand of plaintiff, and that said demand be satisfied, first, out of the property, personal and real, of the said Levi Knott. *Second.* That these defendants and the real property owned by said mortgagee be declared generally liable, and that the plaintiffs be entitled to judgment against them, and to the subjection of their property to foreclosure after the exhaustion of the remedy aforesaid against said defendant Levi Knott, in case any deficiency exists. For such other and further relief as to equity and good conscience appertains."

Whereupon the defendant Levi Knott filed the following paper, which he termed a reply:—

"Now comes defendant Levi Knott, and, replying to the answer of Levi Estes and Jennie Estes, herein filed, denies that the note and mortgage described in said complaint were executed or delivered by the defendants Levi Estes and Jennie Estes, or either of them, for the accommodation of this defendant; denies that said Levi Estes and Jennie Estes never received any consideration for said execution thereof; denies that said note and

mortgage were made or given to the plaintiff at the request of this defendant as in said answer aforesaid, or at all made or given at the request of this defendant; denies that said note and mortgage, or note or mortgage, were made or given upon this defendant's promise that he would pay the same or any part thereof at maturity, or at all; denies that of said facts, or any of them, said plaintiff had full or any knowledge. Said defendant, further replying to said answer, alleges that said note was indorsed by this defendant without consideration for the accommodation of said defendant Levi Estes, at his request, and upon his express promise and agreement that he would at maturity pay the same and hold this defendant harmless therefor. Wherefore, this defendant prays for a decree that said defendants Levi Estes and Jennie Estes be decreed to be the principal debtors, and primarily liable for said debt and demand of plaintiff, and that, as between said defendants and this defendant, said demand be satisfied first out of the property of said Levi Estes and Jennie Estes, and the mortgage sought to be foreclosed in the suit be decreed to be primarily liable for the payment of said debt."

Neither of the defendants attempted in any manner to defend against the suit of the plaintiff, or pretended to have any defense whatever to it. There are cases in which it is necessary to settle conflicting claims between co-defendants before a complete decree can be made upon the subject-matter of the suit. In the foreclosure of a mortgage, where there are subsequent encumbrances, it is often required to adjust their priority of equities in order to determine how the surplus fund shall be applied, as in *Ladd* v. *Mason*, 10 Oreg. 308; but this altercation between Estes and wife and Levi Knott was clearly extrajudicial. The Circuit Court had no more authority to undertake, in the proceeding before it, to determine their differences as to which was the principal debtor and which the surety, if they sustained any such relation, than it had to adjudicate upon any other dispute between them. It was wholly foreign to the object of the suit, and unnecessary to its determination. If the facts alleged by Estes and wife in their pseudo answer to this complaint are true, they could have pursued either of two remedies; they could have

paid off the judgment recovered by Hovenden, and have recovered the amount from Knott by action or suit, or, after the obligation became payable, they could have maintained a suit against Knott to compel him to pay it. The latter remedy is in the nature of a bill *quia timet*, and is maintainable either before or after the creditor commences suit to enforce payment of the debt. It is sustained upon the grounds of the implied agreement upon the part of the principal debtor with his surety to pay the debt at its maturity, and when he fails to do so the latter may institute his suit, without having paid the debt, to compel the former to discharge it. (Pom. Eq. Juris. § 1417, n. 2; Story, Eq. Juris. § 849.)

Estes and wife have entirely mistaken their remedy in this case, and the court went beyond the confines of its power. It had no authority in the case before it except to decree a recovery of the amount of the debt against Levi and Jennie E. Estes and Levi Knott, a foreclosure of the mortgage, the sale of the mortgaged property, and the application of the proceeds to the payment of the said debt. And every act it did in the premises, in attempting to adjust the rights of the defendants as between themselves, was *coram non judice.* A decree should be rendered in favor of the said plaintiff, and against the said defendants Estes and wife and Levi Knott, in accordance with the principles of this decision, and the decree appealed from be modified so as to conform thereto. The two parties, Estes and wife and Levi Knott, should pay one half the disbursements incurred in the litigation between themselves, and on this appeal, which amount should include any disbursements the plaintiff may have incurred in regard thereto.