[Filed April 5, 1890.]

# DANIEL DURBIN, APPELLANTS, *v.* KUNEY & SAYERS, RESPONDENT.

RIGHT OF CONTRIBUTION—AFFECTS WHAT PARTIES.—The right of contribution affects only the relation of the co-debtors or sureties between themselves, and is entirely distinct from and independent of the contract with the creditor. The contract is made for the benefit of the creditor and simply expresses the relation between the co-debtors and the creditors.

IB.—HOW IT ARISES.—The right of contribution does not spring from contract, but rests on general principles of natural justice, that when one has discharged a debt or obligation which was a common charge for the benefit of all, he has a right to call upon his co-debtors for contribution.

IB.—IT EXISTS WHETHER THE PARTIES ARE JOINTLY OR SEVERALLY LIABLE.—Nor does it matter in regard to the right of contribution whether the parties are jointly

or severally liable, nor whether they are bound by the same or separate instru-
ments, or whether they knew of each other's engagements or not, nor whether
they are liable in the same or different amounts, provided their obligation be
assumed in respect to one and the same transaction.

IB.—WHERE IT ARISES.—The right of contribution arises only when one has paid more
than his proportion of the debt, and that is the time when the statute of limita-
tions begins to run.

APPEAL from Marion county: R. P. BOISE, judge.

This action was brought against the defendants for con-
tribution. The facts are in substance these: On the
fifteenth day of August, 1879, the plaintiff Durbin and the
defendants Kuney & Sayers, parties to this action, gave
two promissory notes of that date to R. M. Wade & Co.,
each for $162.50, due in three and fifteen months after date,
respectively, and signed by all the parties, in payment for
a harvester purchased by them, and that the plaintiff
Durbin paid off both notes as follows: On September 24,
1881, he paid R. M. Wade & Co. $203.63—the amount then
due on the three months' note; on May 20, 1883, he paid
R. M. Wade & Co. $80; September 6, 1886, $59.15; Novem-
ber 3, 1887, $116.10, which constitute the various sums
paid on the other note and judgment which was rendered
against the parties.

As one cause of defense, the defendant Sayers pleads
that the note paid off on September 24, 1881, by the
plaintiff Durbin is barred by the statute of limitations.
A motion was made to strike out this defense, which was
overruled by the court, and on the trial of the cause the
court gave the following instructions, to which exceptions
were taken: "If plaintiff has paid off and taken up one of
the notes in the complaint, more than six years before the
commencement of this action, he cannot recover in this
action any of the money so paid on that note, because a
cause of action accrued at the time of such payment and
expired by the statute of limitations before commencement
of this action. That if the statute of limitations has run
against one note, that note is out of this case; and that the
utmost that the plaintiff can recover in that event would
be one-half of the money paid on the other note."

*S. T. Richardson & M. W. Hunt,* for Plaintiff.

*Geo. H. Burnett,* for Defendant.

LORD, J., delivered the opinion of the court.

The facts disclose that the notes were founded upon one transaction and were given for one debt, but the instruction treats the right of the plaintiff to recover contribution as dependent on the contract, expressed by the notes and subject to the statute of limitations according to the order of their payment. The right of contribution affects only the relations of the joint debtors or sureties between themselves, and is entirely distinct from and independent of the contract with the creditor and cannot be varied by an act of his. The contract is made for the creditor, and for his benefit, and is intended simply to express the relation between the joint debtors or sureties and the creditor. It depends more upon a principle of equity than upon contract; the fundamental principle being that whenever persons are in *equati jure* a common liability is a common charge. The justice of the rule is manifest.

It rests upon the broad principle of justice that when one has discharged a debt or obligation which was a common charge for the benefit of all, he has a right to call upon his co-debtors for contribution. Originally it was enforceable only in courts of equity, but in later days courts of law have assumed jurisdiction on the ground of an implied promise on the part of each joint debtor or surety to contribute his share to make up the loss. 4 Am. and En. Ency. of Law p. 1, *et seq.* The remedy in equity in many respects is superior, being more extensive and more effectual in its operation than a court of law. But the theory of an implied contract upon which courts of law assumed jurisdiction, Denio, J., thought "assumed for the purpose of enforcing the equitable principle of contribution and not upon the idea that any such contract actually exists." *Barry* v. *Ramson,* 14 N. Y. 466; so that in a case where contribution on principles of natural justice ought to be enforced, the right to it exists in equity

and law.   For as Baron Eyre says:   "If we take a view
of the cases, both in law and equity, we shall find that
contribution is bottomed and fixed on general principles of
justice and does not spring from contract; though contract
may qualify it."   *During* v. *Earl of Winchelsed*, 2 Bos. &
Pul. 270.   "And this general principle of justice is," says
Judge Story, "as all are equally bound and are equally
released, it seems but just in such a case all should con-
tribute in proportion toward a benefit obtained by all,
since no one ought to profit by another's loss where he,
himself, has incurred a like responsibility."   Story Eq.
Jur., § 493.   And he says also that "it matters not in case
of a debt whether the sureties are jointly bound or only
severally, or whether their suretyship arises under the
same obligation or instruments, if all the instruments are
for the same identical debt.   *Id.* § 495.

In *Norton* v. *Coons*, 3 Denio, 132, Bronson, C. J., said:
"The doctrine of contribution among sureties is founded
on general principles of equity and justice.   Sureties are
in *equati jure* and must bear the burden equally.   Con-
tribution may be enforced whether they were bound jointly
or severally; by the same or by different instruments; and
although the party who sues did not know at the time he
became a surety that the defendant was also a surety.   The
order of time in which they became bound is not a material
inquiry.   The only question is, whether they were in fact
sureties for a principal debtor and in relation to one and
the same transaction.   Courts of law have borrowed their
jurisdiction on this subject from courts of equity, and along
with it they have taken the maxim that equality is equity."
So that it may be said in regard to the right of contribu-
tion that it does not matter whether the parties are jointly
and severally bound, or only severally, nor whether they
are bound by the same or separate instruments, or whether
they knew of each other's engagements or not, nor whether
they are liable in the same or different amounts, provided
their obligation be assumed in respect to one and the same
transaction.   *Chaffee* v. *Jones*, 19 Pick. 260; *Aspenwall* v.

*Sache,* 57 N. Y. 331; *Armatage* v. *Pulver,* 37 N. Y. 494; *Warner* v. *Morrison,* 3 Allen, 566.

It is clear, then, that the doctrine of contribution does not depend upon contract, but is bottomed and founded on principles of natural justice. The contract upon which they are co-debtors, or sureties, only expresses the relation between them and their creditor, and is entirely distinct from the right of contribution, which exists between themselves. The notes were made to R. M. Wade & Co. and expressed the relation between them as joint debtors and creditors, but they were made for the benefit of the creditor, and represented but one debt. The right of contribution to the co-debtor paying more than his share does not rest upon the notes, but on the broad principles of justice, that when he discharged the debt for which they were equally bound with him to discharge, and removed thereby a common burden, it is but just that they should refund to him a ratable proportion. The facts concede that it was agreed between the plaintiff Durbin and his co-debtor, the defendants, that he was to pay one-half of the debt, and as between them his payment has reference to it, and not to the contract or notes, and his right to contribution arises as soon as he pays more than his share of such debt. "The right of action for contribution accrues when one has paid more than his proportion of their liability. It is an equity which arises when the relation of co-sureties is entered into and upon which a cause of action accrues when one has paid more than his proportion of the debt for which they were bound." *Camp* v. *Bostwick,* 20 Ohio St. 337; *Bonham* v. *Galloway,* 13 Ill. 68; *Ponder* v. *Carter,* 12 Ired. 242, and when the plaintiff paid more than his proportion of the debt a cause of action ripened, and that is the time when the statute of limitations begins to run. *Mills* v. *Hyde,* 19 Vt. 59; *Boardman* v. *Paige,* 11 N. H. 431.

According to the facts, at the time when the plaintiff paid the $203.63 he only paid one-half of the whole debt, and it is indisputable, if the defendants had paid the other half, that the plaintiff would have no right of contribution

and therefore he had not paid more than his proportion, and until then a right to contribution cannot arise. And as the statute of limitations does not begin to run until the plaintiff has paid more than his proportion of that debt, it did not begin to run when he paid the sum of $203.63. His right of contribution is not measured by nor founded upon the notes, but on the payment of more than his proportion of the debt which the notes represented. He is not substituted to the place of the creditor, and seeking relief on that basis, for in that case the instruction might be correct, ·but his equity springs out of the debt as to which he and the defendants stand *equati jure* and must bear the burden equally.

We think, therefore, the instructions were erroneous statements of the law as applicable to the facts, and the judgment must be reversed and a new trial ordered.