## DAVIS *v*. FIRST NAT. BANK OF ALBANY.

(161 Pac. 931; 168 Pac. 929.)

**Appeal and Error—Notice of Appeal—Adverse Parties.**

1. Defendants sued as makers of a note secured a cross-decree against certain parties as the real maker and as sureties, with the cross-complainants thereof, and plaintiff payee and one of the said sureties appealed. *Held*, that other alleged sureties were not adverse parties upon whom notice of appeal must be served, for a reversal would benefit them.

### ON THE MERITS.

**Injunction—Enjoining Action at Law—Grounds.**

2. Under Section 390, L. O. L., providing that where the defendant in an action at law is entitled to relief arising out of facts requiring the interposition of a court of equity and material to his defense, he may, upon filing his answer, also, as plaintiff, file a complaint in equity in the nature of a cross-bill which shall stay the proceedings at law, and that such proceedings may be perpetually enjoined by the final decree, the facts requiring the interposition of a court of equity must be material to the defense of the law action, and the mere fact that defendant has a cause for suit against plaintiff or other parties entitling him to equitable relief will not warrant the filing of a complaint under that section unless the relief sought would operate as an entire or partial defense to the action at law.

[As to nature and objects of cross-bills, see note in 83 **Am. Dec.** 251.]

**Injunction—Enjoining Action at Law—Grounds.**

3. Section 390, L. O. L., authorizing a defendant entitled to equitable relief arising out of facts material to his defense to file a complaint in equity staying the proceedings at law, upon filing his answer, presupposes that the answer filed in the law action will raise an issue requiring equitable relief to sustain.

Injunction—Enjoining Action at Law—Grounds—"Holder"—"Accommodation Party"—"Primarily Liable"—"Secondarily Liable."

4. Section 6023, L. O. L., provides, relative to negotiable instruments, that "holder" means the payee or indorsee of a bill or note who is in possession of it or the bearer thereof, and that the person primarily liable is the person who, by the terms of the instrument, is absolutely required to pay it, and that all other parties are secondarily liable. Section 5862 defines an accommodation party, and provides that such party is liable to a holder for value, though the holder knew him to be an accommodation party. *Held* that, where the payee of a note was a holder for value, the fact that the makers were accommodation sureties for a corporation to which the loan evidenced by the note was made, as between themselves and certain other persons interested in the corporation, was not a defense to an action on the note, and such action should not have been enjoined in a suit in equity filed by the makers against the payee and the other parties under Section 390.

Action—Error as to Form of Action—Waiver of Objections.

5. Where the defendant in an action at law filed a complaint in equity, under Section 390, L. O. L., against the plaintiff in the action at law and other parties, a party who answered to the merits and defended against the complaint, without demurring to it or to the jurisdiction of equity to try the cause, made the equitable forum a matter of his own selection, and could not afterwards insist that the action should have been tried at law.

Evidence—Parol Evidence—Liability of Cosureties.

6. An agreement between cosureties for the payment of a note, limiting and fixing the proportion and extent of their several liability, may be established by parol.

Principal and Surety—Actions for Contribution—Conditions Precedent.

7. Where plaintiffs executed a note for the amount of a loan to a corporation on the agreement of other persons interested in the corporation that they would be cosureties for its payment with plaintiffs, and in evidence of their agreement they executed an indemnity note to plaintiffs, and the amount which plaintiffs would be required to pay on the principal note was definite and certain, plaintiffs were not bound to suffer the whole burden of payment in the first instance at great loss and hardship to themselves and trust to future litigation for reimbursement, but, in equity, could sue for contribution before payment of the debt.

Principal and Surety—Actions for Contribution—Conditions Precedent.

8. The corporation being insolvent, plaintiffs were not required to pursue their remedies against it.

From Linn: William Galloway, Judge.

Cross-bill in equity by W. H. Davis and Worth Huston against the First National Bank of Albany, Ore-

gon, Alfred C. Schmitt and others.    From a decree in favor of plaintiffs, the named defendants appealed. On respondent's motion to dismiss appeal.

MOTION DENIED.

*Messrs. Hewitt & Sox* and *Messrs. Hill & Marks,* for the motion.

*Messrs. Schmitt & Schmitt, contra.*

Opinion PER CURIAM.

1. The First National Bank of Albany, Oregon, commenced an action against W. H. Davis and Worth Huston to recover the amount of their promissory note. They answered admitting the allegations of the complaint and as plaintiffs also filed a cross-bill in equity, making as parties defendant Alfred C. Schmitt, Linnhaven Orchard Company, a corporation, E. C. Roberts, Chas. H. Wieder, Geo. M. Crowell, Owen Bean, F. J. Fletcher and J. M. Hawkins, admitting the execution of the note, but alleging it was in fact the note of the Linnhaven Orchard Company and that the makers and the defendants who were made parties to the suit were sureties for that company.    The trial court rendered a decree granting the relief prayed for in the cross-bill and the First National Bank and Alfred C. Schmitt appealed, but they did not cause the notice to be served upon the defendants Wieder, Crowell or Hawkins.    The plaintiffs' counsel, contending that the parties who were not served with the notice are adverse, move to dismiss the appeal for that reason.

By the decree Alfred C. Schmitt and the other parties who were made defendants in the cross-bill were held to be jointly and severally liable for the payment of the promissory note which was executed by the

plaintiffs to the bank.   A reversal or modification of that decree would be an advantage to the parties who were not served with the notice of the appeal, and for that reason they are not adverse: *Lane* v. *Wentworth,* 69 Or. 242 (133 Pac. 348, 138 Pac. 468); *United States National Bank* v. *Shefler,* 77 Or. 579 (143 Pac. 51, 152 Pac. 234).

The motion to dismiss the appeal is denied.

Motion Denied.

Modified December 4, 1917.

On the Merits.

(168 Pac. 929.)

Department 2.   Statement by Mr. Justice Bean.

The defendant bank commenced an action against W. H. Davis and Worth Huston, plaintiffs, to recover upon a promissory note of which the following is a copy:

"Albany, Oregon, May 24, 1912.<br>"$11,261.50.

"On June 30, 1912, after date, without grace, for value received, I promise to pay to the order of

"The First National Bank of Albany, Oregon, Eleven Thousand Two Hundred Sixty-one 5–100 Dollars, with interest from date at the rate of 8 per cent per annum, with reasonable attorney's fees, if suit or action is commenced, or other proceedings taken to collect this note or any part thereof.   Principal and interest payable in U. S. Gold Coin of the present standard, at the First National Bank, Albany, Oregon.

"The makers and endorsers of this note hereby waive diligence, demand, protest and notice.

"W. H. Davis,<br>"Worth Huston."

The bank alleged that no part of the note had been paid except interest thereon to June 30, 1914; and that $800 was a reasonable attorney's fee in the action.

Davis and Huston answered denying that $800 or any greater sum than $200 was a reasonable attorney's fee therein, and, as plaintiffs, filed a complaint in equity in the nature of a cross-bill making the bank and Alfred C. Schmitt, Linnhaven Orchard Company, E. C. Roberts, Charles H. Wieder, Geo. H. Crowell, Owen Beam, F. J. Fletcher and J. M. Hawkins, defendants, claiming that plaintiffs were entitled to relief arising out of facts requiring the interposition of a court of equity and material to their defense in the law action. The proceedings in the law action were stayed. The equity suit was tried resulting in a decree in favor of plaintiffs and perpetually enjoining the action at law. The defendants First National Bank and Alfred C. Schmitt appeal.

By their cross-complaint plaintiffs aver in addition to the formal allegations:

"That on about the 31st day of May, 1910, the defendant the Linnhaven Orchard Company applied to the defendant, The First National Bank of Albany, Oregon, for a loan of ten thousand five hundred ($10,500.00) dollars for its own use and benefit, whereupon the said bank expressed a willingness to make said loan to said Linnhaven Orchard Company, but desired that the plaintiffs herein should sign the note evidencing said loan.

"That thereupon at said time it was agreed by and between the plaintiffs herein and the defendants herein that the plaintiffs herein would sign said note to said bank evidencing said loan, but in fact as surety for the payment of said loan by the said Linnhaven Orchard Company, the said company then and there agreeing to pay said note in full, and as part of said agreement and transaction it was further agreed by and between the plaintiffs herein and the defendants

Alfred C. Schmitt, E. C. Roberts, Chas. H. Wieder, Geo. H. Crowell, Owen Beam, F. J. Fletcher and J. M. Hawkins that they would join and severally obligate and bind themselves as co-sureties for the said Linnhaven Orchard Company for the payment of said note evidencing said loan as aforesaid.

"That thereupon at said time and as part of said transaction and in pursuance to said agreement and as surety for the said Linnhaven Orchard Company as aforesaid, the said plaintiff, W. H. Davis, signed a certain promissory note, for the sum of ten thousand five hundred ($10,500.00) dollars, dated the 1st day of June, 1910, and payable to the order of said First National Bank of Albany, Oregon, due on December 1; 1910, and bearing interest at the rate of eight per cent per annum, and the said plaintiff Worth Huston thereafter * * as surety for said Linnhaven Orchard Company as aforesaid, endorsed said note on the back thereof and thereby guaranteed the payment of said note and waived protest, demand and notice of nonpayment thereof.

"That at said time and as part of said transaction and in pursuance of said agreement so made as aforesaid, and with intent to bind themselves as co-sureties with the plaintiffs herein for the payment of said note evidencing said loan, by said defendant bank, as aforesaid, to said Linnhaven Orchard Company, the defendant Hawkins signed a certain other promissory note, dated the 31st day of May, 1910, for the sum of ten thousand five hundred dollars ($10,500.00) payable to the order of the plaintiffs herein, bearing interest at the rate of eight per cent per annum from date, and the defendants E. C. Roberts, Chas. H. Wieder, Geo. H. Crowell, Owen Beam, F. J. Fletcher and Alfred C. Schmitt, with like intent and in pursuance of said agreement of said suretyship as aforesaid, and for the purpose of binding themselves as co-sureties with the said plaintiffs herein, and the said defendant J. M. Hawkins at the said time and as part of said transaction endorsed said note, and thereupon the said note was by the said defendant

J. M. Hawkins and the said endorsers thereof duly delivered to the plaintiffs herein.''

It was also averred in substance that the note evidencing the loan was delivered to the bank and the note signed by J. M. Hawkins and indorsed as aforesaid was delivered to the bank as collateral security for the payment of the loan and so held by the bank; that the original note was renewed from time to time by Davis and Huston until the note in question was executed in lieu of it and a portion of the interest thereon; that the Linnhaven Orchard Company made several interest payments to the bank and that the latter knew that the loan was the debt of that company which is insolvent; that the plaintiffs have not sufficient means to pay the note without great hardship to them. They pray that it be adjudged that the note is a debt of the Orchard Company and that they and the defendants, other than the bank and the Orchard Company are cosureties for the payment of the same; that the bank have judgment against the Orchard Company for the amount of the note and interest; that the execution on the judgment be enforced against that company first, and, if the judgment is not fully satisfied the balance be enforced against the sureties *pro rata.* This prayer was granted. A demurrer was interposed to the first complaint but not to the amended complaint. The defendant, The First National Bank of Albany and Alfred Schmitt, answered putting in issue the merits of the cross-complaint. Other facts are stated in the opinion. Upon the trial the appealing defendants objected to the introduction of any evidence to support the cross-complaint upon the grounds that the same did not state facts sufficient to constitute a cause of suit, and that oral

evidence was incompetent to vary the terms of the written note in question. The objection was overruled.

Modified.

For appellants there was a brief over the name of *Messrs. Schmitt & Schmitt,* with an oral argument by *Mr. G. G. Schmitt.*

For respondents there was a brief over the names of *Messrs. Hewitt & Sox* and *Messrs. Hill & Marks,* with oral arguments by *Mr. Henry H. Hewitt* and *Mr. Gale S. Hill.*

Mr. Justice Bean delivered the opinion of the court.

Counsel for the answering defendants maintain that the complaint in this suit is insufficient to entitle the plaintiffs to equitable relief or to constitute a defense or partial defense to the note sued on. Section 390, L. O. L., provides in part:

"In an action at law, where the defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, and material to his defense, he may, upon filing his answer therein, also as plaintiff, file a complaint in equity, in the nature of a cross-bill, which shall stay the proceedings at law, and the case thereafter shall proceed as in a suit in equity, in which said proceedings may be perpetually enjoined by final decree, or allowed to proceed in accordance with such final decree."

2-4. It will be noticed that in order to stay the law action the defendants must be entitled not only to relief arising out of facts requiring the interposition of a court of equity, but such facts must be material to their defense. The cross-complaint in equity is allowed to be filed upon filing an answer in the action. This provision plainly presupposes that the answer

so filed will raise an issue which it will require equitable relief to sustain. The answer in the law action raised an issue only as to the reasonableness of the attorney's fee claimed. In other words, if the defendants in the law action did not appear to have a defense thereto, then it would be impossible for them to be entitled to equitable relief material to their defense.

Under the above section of the Code, while the defendants are not restricted merely to defensive matter, in such a complaint in equity, the relief sought must operate as an entire or partial defense to the action at law. The mere fact that a defendant can state a cause of suit against a plaintiff or other parties entitling him to equitable relief will not of itself warrant the filing of such complaint: *White* v. *Savage,* 48 Or. 604 (87 Pac. 1040); *Tooze* v. *Heighton,* 79 Or. 545 (156 Pac. 245); *Haaland* v. *Miller,* 67 Or. 346, 350 (136 Pac. 9); *Carroll* v. *Bowne,* 55 Or. 316 (106 Pac. 331). Under the latter state of facts the action at law should be allowed to proceed and the suit should be maintained independently thereof. Stated in a general way a defendant may plead in his cross-complaint facts which show that plaintiff ought not to recover. If the thing pleaded be an equitable right it may be availed of by filing a cross-complaint as an equitable defense in bar: *Tooze* v. *Heighton,* 79 Or. 545 (156 Pac. 245); Pom. on Code Rem. (4 ed.), § 30; 1 C. J., p. 1052; 1 Cyc., p. 738. In any event it must appear that the defendant in the law action has a defense either entire or partial. Therefore, we inquire if the facts set forth in the complaint in equity constitute a defense to the note. It is admitted on all sides that the bank loaned the sum of $10,500 on the note, of which the one in question is a renewal, and that it is a holder for value. Section

6023, L. O. L., enacts in part that " 'holder' means the payee or indorsee of a bill or note who is in possession of it, or the bearer thereof." It is claimed by plaintiffs that they are sureties or accommodation parties; that the principal debtor is the Linnhaven Orchard Company; that the bank knew this and that it should therefore proceed first to collect the money from the Orchard Company, which is not a party to the note, and, failing in this, should collect the same from all the alleged sureties *pro rata*. Section 5862, L. O. L., provides as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

According to the plain provisions of this section the holder of a note for value is entitled to recover thereon against an accommodation party, though the holder had notice at the time he took the note that the person sought to be charged was only an accommodation party: *White* v. *Savage,* 48 Or. 604 (87 Pac. 1040). An accommodation party to a negotiable note is primarily liable for the payment of the note and it is not a defense under the Negotiable Instruments Act (Sections 5834–6025, L. O. L.) that the note was so signed solely for the accommodation of another or as surety for such other person, and that the holder knew the same: Section 5862, L. O. L.; *Cellers* v. *Meacham,* 49 Or. 186 (89 Pac. 426, 13 Ann. Cas. 997, 10 L. R. A. (N. S.) 133); *Galloway* v. *Bartholomew,* 44 Or. 75 (74 Pac. 467); *Lumbermen's Nat. Bank* v. *Campbell,* 61 Or. 123 (121 Pac. 427); *Murphy* v. *Pan-*

*ter,* 62 Or. 522 (125 Pac. 292); *Hunter* v. *Harris,* 63 Or. 505 (127 Pac. 786). By the provisions of Section 6023, L. O. L., "The person 'primarily' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same. All other parties are 'secondarily' liable."

The complaint in this suit disclosing that the plaintiffs were sureties upon the note as between themselves and the other signatorial parties to the indemnity note, did not amount to a defense to the note in suit in the action at law. Whatever the rights of the parties to the indemnity note may be as between themselves, the action at law by the bank should not have been restrained. *White* v. *Savage,* 48 Or. 604 (87 Pac. 1040), is decisive of this feature of the case. The suit in equity is wholly foreign to the action at law: *Hovenden* v. *Knott,* 12 Or. 267, 269 (7 Pac. 30); *Durbin* v. *Kuney,* 19 Or. 71, 73 (23 Pac. 661); *Bellinger* v. *Thompson,* 26 Or. 320, 349 (37 Pac. 714, 40 Pac. 229). In so far as it is against or affects the interests of the First National Bank of Albany, the decree of the lower court is reversed and annulled; the bank will be allowed to proceed with the action at law against the plaintiffs W. H. Davis and Worth Huston, and recover its costs and disbursements in the lower court to be taxed therein and its costs and disbursements in this court.

5, 6. We come now to the consideration of this suit as between the plaintiffs and the defendants other than the bank.

It should be stated at the outset that the defendant, Alfred C. Schmitt, has come into a court of equity, answered to the merits, and defended against the so-called amended cross-complaint without demurring to such complaint or to the jurisdiction of the court of

equity to try the cause.   By so answering he has made
the equitable forum a matter of his own selection and
he cannot afterward insist that the cause should have
been tried in the law forum: *Scheland* v. *Erpelding,*
6 Or. 259, 263; *South Portland Land Co.* v. *Munger,*
36 Or. 457, 470 (54 Pac. 815, 60 Pac. 5); *Wollen-
berg* v. *Rose,* 41 Or. 314 (68 Pac. 804); *Tooze* v. *Heigh-
ton,* 79 Or. 545 (156 Pac. 245).   The money was ob-
tained from the bank for the use of the Linnhaven
Orchard Company.   The various parties to this suit,
except the bank, were interested in the affairs of that
company, and the ultimate burden of the payment of
the loan will fall upon them.   The matter of their lia-
bility to contribute to the payment of the loan was
not left wholly to the equitable rule as to contribu-
tion but was evidenced by a note dated May 31, 1910,
payable on demand, for the same amount as the prin-
cipal note, $10,500, at the same rate of interest, in
favor of Davis and Huston, and indorsed by Roberts,
Wieder, Crowell, Beam, Fletcher and Schmitt.   This
note was given to protect the plaintiffs by reason of
their signing the principal note.   It is agreed that
plaintiffs and the other last-named parties are equally
liable for the payment of the note to the bank.   It is
shown that as between themselves the plaintiffs and
the signers of the indemnity note stand in the relation-
ship of cosureties for the Linnhaven Orchard Com-
pany for the payment of the loan from the bank.
The principle adopted by this court in *Rose* v. *Wollen-
berg,* 31 Or. 269, 282 (44 Pac. 382, 65 Am. St. Rep. 826,
39 L. R. A. 378), is applicable.   Therein it was stated
that "cosureties may by contract, agreement, or
understanding between themselves, limit and fix the
proportion and extent of their several or correlative
liability, and it is competent to establish the agree-

ment by parol." There is no question but that after a judgment has been entered against them for the amount represented by Plaintiffs' Exhibit 8, and after the amount thereof, or more than their share has been paid, Davis and Huston would have a right of action by virtue of Section 243, L. O. L., against the defendants whose names appear on Plaintiffs' Exhibit 2 (the indemnity note) if they in fact are cosureties.

7. The question in this suit, however, is whether a suit can be maintained to compel those equally liable for the payment of the principal debt to assume their share of the burden before actual payment has been made by the plaintiffs. The amount of such payment is definite and certain. It is not a matter of choice with the plaintiffs in making such payment. They will be compelled to do so, and if their associates, who agreed with them that they would all stand together and share the burden equally in the event that the Linnhaven Orchard Company could not meet the demand, do not contribute at the time of payment, then plaintiffs will necessarily and at a great loss and hardship suffer the whole burden in the first instance and be obliged to trust to litigation and the vicissitudes of the future for obtaining a contribution from their co-obligors. The so-called indemnity note is due upon demand. Under the peculiar circumstances shown in this case and in equity and good conscience plaintiffs have a right to demand that the other co-obligors be required to contribute their share in the liquidation of the loan even before plaintiffs pay the debt or the property of plaintiffs is sacrificed therefor. At law the surety must pay the debt before he can have an action, but not so in equity. This principle is supported by the following authorities: 1 Story's Eq. Juris. (13 ed.), § 493; 4 Pom. Eq. Jur. (3 ed.), § 1417

and note, and § 1418; Pingrey on Surety & Guar. (2 ed.), § 202; *Van Winkle* v. *Johnson,* 11 Or. 469 (5 Pac. 922, 50 Am. Rep. 495); *Hovenden* v. *Knott,* 12 Or. 267, 270 (7 Pac. 30); *Durbin* v. *Kuney,* 19 Or. 71, 73 (23 Pac. 661); *Fischer* v. *Gaither,* 32 Or. 161 (51 Pac. 736); *Ladd* v. *Chamber of Commerce,* 37 Or. 49, 63 (60 Pac. 713, 61 Pac. 1127, 62 Pac. 208); *Bishop* v. *Day,* 13 Vt. 81 (37 Am. Dec. 582); *Morrison* v. *Poyntz,* 7 Dana (37 Ky.), 307 (32 Am. Dec. 92); *Moore* v. *Topliff,* 107 Ill. 241, 249.

In 7 Am. & Eng. Enc. of Law (2 ed.), p. 332, it is stated that "one surety may also, without having actually paid the debt, bring a bill in equity to compel his cosurety to contribute with him to its payment." The author of Modern American Law, vol. 8, p. 225, says:

"The right to exoneration is a right which the surety has, upon default of the principal debtor and before payment, to bring proceedings to compel the debtor to perform his obligation or his cosureties to bear their proportion of the burden. This right to exoneration has not been well worked out in the cases or much discussed by text writers. The basis of the right to exoneration is apparently the hardship upon a surety to be compelled to pay the whole debt and have to resort to an action to recover indemnity or contribution from those who should either in the first place bear the entire burden or who should ultimately share their proportion of the burden with the plaintiff. In order to pay the debt which the creditor might easily collect from the solvent principal, the surety may have to sell his property at a forced sale, getting small value for it, or have it seized and sold on execution. The surety, being able to recover indemnity only for what he has actually paid out, has no adequate remedy at law. The equitable right to exoneration affords him adequate relief. If one of the ten sureties on a $10,000 bond had to pay the $10,000 and be left to his suit for

indemnity against the principal debtor, or by separate actions sue each of the sureties for a thousand dollars, it would perhaps impose the greatest hardship upon the surety.''

8. The parties should not be compelled to pursue the insolvent Linnhaven Orchard Company. With the modification herein mentioned as to form, the decree as to the parties to the indemnity note will stand, all costs to be borne equally by the latter parties.

MODIFIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE McCAMANT concur.