Argued February 14, affirmed March 11, 1924.

# W. H. W. HAMILTON *v.* HAMILTON MAMMOTH MINES, INC.

### (223 Pac. 926.)

**Action—Answer to Complaint in Action at Law Held not Equitable Defense, but Unauthorized Equitable Counterclaim.**

1. In an action against a corporation for breach of a contract to employ plaintiff as its general manager, allegations of an affirmative answer alleging sale by plaintiff to defendant of certain mining claims, at an overvaluation in consideration of defendant's entire capital stock and certain ore bonds, *held* to state no equitable or other defense to the complaint, but at most to set up an equitable counterclaim, which is not authorized in actions at law.

**Action—Equitable Matters Pleaded in Action at Law must be Material to Defense of Cause of Action Alleged in Complaint.**

2. Section 390, Or. L., does not authorize equitable counterclaims in actions at law, but permits matters cognizable in equity only when material to the defense of the cause of action alleged in the complaint; the language of the statute not being materially changed by the amendment of 1917 (Laws 1917, p. 126).

**Appeal and Error—Supreme Court Limited, in Action at Law, to Determination of Sufficiency of Evidence to Support Findings and of Latter to Support Judgment.**

3. In an action at law, the Supreme Court is limited to errors brought to its attention by the bill of exceptions, and to determining whether there is any evidence supporting the findings of fact and whether the findings are sufficient to support the judgment (Section 159, Or. L.).

**Appeal and Error—Defendant cannot Complain of Admission of Immaterial Testimony Rebutting Immaterial Testimony.**

4. Defendant cannot complain, on appeal, of admission of immaterial testimony in rebuttal of immaterial testimony in support of his affirmative answer.

**Appeal and Error—Admission of Immaterial Rebuttal Testimony Held not Reversible Error.**

5. Admission of immaterial testimony to rebut immaterial testimony introduced by defendant, in a case tried to the court without a jury, *held* harmless, if error.

**Corporations—Officer's Authority to Execute Instrument Under Seal Presumed.**

6. The authority of a corporation officer to execute an instrument, such as a contract of employment, is presumed, where the instrument is under seal, but such presumption is rebuttable.

Corporations—Promoter cannot Retain Secret Profits from Sale of Property to Corporation at Fictitious Value.

7. The promoter of a corporation cannot retain secret profits from selling property to it at a fictitious value, he being held to the same liability as a trustee to a large extent.

Corporations—Corporation Held not Entitled to Recover Secret Profits from Promoter Selling Fictitiously Valued Mining Claims to It for All Its Capital Stock.

8. A corporation, to which its promoter transferred mining claims, fictitiously valued, in consideration of all its capital stock and certain bonds, which were liens, not on the property, but on ore thereafter produced, held not entitled to recover secret profits from the promoter, who subsequently sold stock to persons not parties to the suit, it having paid out no money and its capital stock being worth no more than the property owned by it.

From Baker: DAVID R. PARKER, Judge.

Department 2.

This appeal is from a judgment rendered in favor of the plaintiff and respondent and against the defendant and appellant. The case was tried to the court without a jury. The complaint is based upon a contract between the parties wherein the defendant employed the plaintiff as its general manager, at an agreed salary $500 per month. The plaintiff was also the president of the defendant corporation. The answer admits the execution of the contract; that the plaintiff entered into the employment of the defendant in accordance with the terms of the contract, and then sets out what is termed a separate answer and equitable defense. At the trial the defendant claimed that its defense was in equity, while the plaintiff contended that the defense set up was an equitable counterclaim. After hearing the testimony, the Circuit Court took the case under advisement and, after deliberation,

7. Relation of promoter to corporation and stockholders, see notes in 17 Am. St. Rep. 161; 85 Am. St. Rep. 385; 4 Ann. Cas. 669; 17 Ann. Cas. 269; Ann. Cas. 1915B, 176.

See 4 C. J., pp. 644, 704, 999; 14 C. J., pp. 253, 287, 293; 14A C. J., pp. 397, 398.

held the proceeding to be an action at law, made his findings and conclusions and entered judgment in favor of the plaintiff for the sum of $1,000, and costs and disbursements. The defendant prepared a bill of exceptions in which is incorporated the findings of fact, conclusions of law and the following matter, to wit:

"While W. H. W. Hamilton was on the witness-stand on behalf of plaintiff in rebuttal he was asked among other things (Trans., page 134) by his attorney, —'Mr. Hamilton, in your examination by Mr. Connolly, it was disclosed that you had a contract with the S. A. Heilner Company and with James H. Nichols under the terms of which that if the property was sold you were to be paid a commission. In order that the court may understand that transaction in full and have complete knowledge about it, I want you to tell the court not in too much detail but so that the court will understand what you have done and what expense you have been to in disposing of that property,' which question was objected to by the defendant for the reason that he had already received his commission in cash and that the facts speak for themselves, which objection was overruled by the court and an exception reserved and duly allowed by the court."

All of the evidence is made a part of the bill of exceptions. The other matters in the bill of exceptions are simply assignments of error.

The assignments of error are, in effect, that the court erred in finding that the contract of employment was authorized by the defendant; that the court erred in finding that plaintiff entered into the employment of defendant in accordance with any contract had with the defendant; that the court erred in failing and refusing to find that the corporation never made

or authorized any contract of employment of any character with the plaintiff; that the court erred in failing and refusing to find that the alleged contract was never authorized by the directors of the defendant corporation.

The other assignments are to the effect that a decree should have been entered for the defendant. The defendant did not present any findings to the court.

The amended reply denies the affirmative allegations in the answer, then sets out plaintiff's account of the transactions alleged and referred to in the answer, and sets out as Exhibit "A" thereto a release duly executed by the defendant after the alleged acts of fraud and deceit were committed.    AFFIRMED.

For appellant there was a brief over the names of *Mr. Allan R. Joy* and *Mr. Leo B. Connolly,* with an oral argument by *Mr. Joy.*

For respondent there was a brief and oral argument of *Mr. A. A. Smith.*

COSHOW, J.—1, 2. The Circuit Court was correct in treating the case as an action at law. The allegations of the answer do not constitute a defense to the complaint. At most, the facts attempted to be alleged would constitute a counterclaim. Section 390, Or. L., does not authorize the pleading of equitable counterclaims in actions at law. In order to defend an action at law with matters cognizable in equity only, the matters relied upon must be material to the defense in the cause of action alleged in the complaint. The language of the statute in this regard was not materially changed by the amendment of 1917: Laws 1917, Chap. 95.

The language is as follows:

"In an action at law where the defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, *and material to his defense,* he may set such matter up by answer, without the necessity of filing a complaint on the equity side of the court. * * Equitable relief respecting the *subject matter* of the suit may thus be obtained by answer." *Tooze* v. *Heighton,* 79 Or. 545, 553 (156 Pac. 245) ; *Heidel* v. *Shute,* 86 Or. 210, 219 (167 Pac. 586, 168 Pac. 298).

3. This case being an action at law, this court is limited by the alleged errors brought to their attention by the bill of exceptions, to determine whether or not there is any evidence supporting the findings of fact, and whether or not the findings are sufficient to support the judgment: Section 159, Or. L.; *Stark* v. *State Ind. Acc. Com.,* 103 Or. 80, 110 (204 Pac. 151) ; *Cannon* v. *Farmers' Union Grain Agency,* 103 Or. 26, 40 (202 Pac. 725).

4, 5. The only alleged error brought to the attention of the court in the bill of exceptions is a question propounded to the plaintiff by his attorney in rebuttal. This question called for testimony intended to meet the testimony adduced by the defendant in support of defendant's affirmative answer. The defendant cannot, therefore, be heard to complain of the court's action in permitting the question to be answered. The question and answer were probably immaterial, but the error, if any, was harmless. A litigant is not permitted to object to the testimony adduced by his antagonist to meet immaterial testimony theretofore introduced by the former. In any event, the evidence was harmless and the case having been tried to the court, without the intervention of a jury, reversible error was not thereby committed.

6. There is an abundance of evidence in the record to support plaintiff's complaint. A written contract signed with the name of the corporation by its secretary, with its seal affixed, was introduced by the plaintiff; and in addition thereto, the plaintiff positively testified that he had performed the contract on his part. The only attempt to meet this evidence was a contention on the part of the defendant, through its counsel, that the contract was not authorized nor approved by the board of directors of the defendant corporation. The written contract between the plaintiff and the defendant was introduced by the plaintiff and received without objection.

"The authority of an officer of a corporation to execute an instrument is presumed where the instrument is under seal, although this presumption of authority is rebuttable." 3 Fletcher's Cyclopedia Corporations, 3140, § 1944.

No contention has been made here that the judgment is not supported by the findings and conclusions. The findings are undoubtedly sufficient to support the judgment.

The affirmative answer was not attacked by either demurrer or motion in the Circuit Court, but the plaintiff did object to the introduction of testimony in support of the affirmative answer for the reason that the answer does not state facts sufficient to constitute a defense or counterclaim. We do not deem it necessary, to a determination of the case in this court, to pass upon the sufficiency of the allegations in the affirmative answer to constitute a defense or counterclaim.

7, 8. The defendant attempted to state facts in its answer bringing it within the well-established rule of law, that one, who promotes the organization of

a corporation, will not be allowed to retain the secret profits made by selling property to the corporation at a fictitious value. To a large extent, a promoter of a corporation will be held to the same liability as a trustee. The affirmative answer, in this cause, sets out the following allegations:

"That on or about April 3, 1920, defendant through a board of directors especially secured by said Currier and Hamilton at its first meeting in Delaware, voted the acceptance of an offer in writing by said Hamilton to sell to the corporation all the aforementioned mining claims for the full consideration of the defendant's entire capital stock, to wit, 1,000,-000 shares of the par value of $1.00 each and $75,000 of the corporation's First Lien Premium Ore Bonds. * *

"Thereafter and until the 1st day of July, 1921, the plaintiff by threats, warning telegrams, letters, fraudulent statements and misrepresentations obtained from one Leo B. Connolly, James Connolly and George V. Rogers, now deceased, the full sum of $22,500 more or less, which sum was to be applied to the escrow agreements as balance due on the mining claims."

It thus appears that the plaintiff Hamilton transferred to the corporation, the defendant, the mining claims referred to for the entire capital stock of the corporation. The corporation was not injured by the value placed upon the property transferred to it by Hamilton. It paid out no money and its capital stock was worth no more than the property owned by the corporation. The bonds were not liens upon the property, but were to become liens upon the ore that might be thereafter produced.

In the case of *Old Dominion Copper Min. & S. Co.* v. *Lewisohn,* 210 U. S. 206, 212 (52 L. Ed. 1025, 1029, 28

Sup. Ct. Rep. 634, 636, see, also, Rose's U. S. Notes), the Supreme Court of the United States, in a decision rendered by Mr. Justice HOLMES, held that under like circumstances the promoters would not be liable, and states the rule in this language:

"At the time of the sale to the plaintiff, then, there was no wrong done to anyone. Bigelow, Lewisohn, their syndicate were on both sides of the bargain, and they might issue to themselves as much stock in their corporation as they liked in exchange for their conveyance of their land."

The case of *Old Dominion Copper Min. & S. Co. v. Bigelow,* 203 Mass. 159 (89 N. E. 193), involves the same state of facts, but in which the Supreme Court of the State of Massachusetts arrives at a different conclusion from the one reached in the United States Supreme Court. The same case is found in 40 L. R. A. (N. S.) 314, and in page 331, we find this language:

"Numerous other cases which have been cited do not bear upon this point, for the reason that in each of them the owners of the property conveyed have owned either the entire capital stock of the corporation, or all that it was contemplated to issue." (Citing a long list of authorities.)

It thus appears that the authorities are uniform that, where a promoter organizes a corporation and transfers property to the corporation for all of its capital stock, the corporation itself has no right of action or suit against the promoter for secret profits. There seems to be no difference of opinion on that. If anyone has any cause of action or suit, by reason of the alleged secret profits made by the plaintiff Hamilton, it would seem to be those to whom he sold stock, to wit, Leo B. Connolly, James Connolly and

George V. Rogers, who are not parties to the instant suit.

The judgment of the Circuit Court is affirmed.

Affirmed.

Bean, McCourt and Rand, JJ., concur.